*Orange,*
February,
1826.

THE OVERSEERS OF THE POOR OF BRADFORD, appellants, *vs.* THE OVERSEERS OF THE POOR OF CORINTH, appellees.

*Quere,* Whether an appeal can regularly be taken from an order of removal, where there has been no removal of the pauper in fact, and no notice of the order has been given under the *fifth* section of the statute of 1817?

But, an appeal may be taken where there has been a removal in fact, though the notice prescribed by that section of the statute has not been given.

Where an appeal is taken from an order of removal within the 30 days allowed the justices making the order, for giving notice thereof, the right to such notice is presumed to be waived by the town taking the appeal; but no such presumption arises, where the appeal is taken after the 30 days have expired.

Where an appeal is taken after the 30 days, an omission by the justices to give notice of the order, by furnishing the copy of their record required by the fifth section of the statute of 1817, may be taken advantage of on a motion to quash the proceedings, but cannot be noticed under the plea of "unduly removed."

A judgment after verdict upon the issue of unduly removed, is conclusive as to the settlement of the pauper; and therefore, all questions not affecting the *merits* as to the legal settlement of the pauper, must and ought to be presented, and decided as dilatory pleas.

THIS was a motion by the appellees, for a new trial, predicated upon the exception taken on the trial, which appears in the following case, as allowed by the Court.

Supreme Court, Orange county, August T. 1825.

This is an appeal from an order of removal of *Daniel McConnel* from *Corinth* to *Bradford.* The cause came on to be tried at this term of said court, and was committed to a jury, on the issue of *unduly removed.* On the trial, the appellees proved a residence of the pauper in the town of *Bradford* more than one full year before 1817; also produced the record of the order of removal, and the warrant of removal, and the officer's return, showing the removal of *McConnel* and service of the warrant, by leaving a copy thereof with the overseers of *Bradford.* The overseers of *Corinth* were then called upon to prove, that a certified copy of the order of removal was left with the overseers of Bradford, within thirty days from the making the order, which the appellees contended they were not required to do under the issue there joined; but the court decided that under said issue the appellees should prove the delivery of a copy of said order of removal as aforesaid; and that, in as much as the appellees did not prove the delivery of said copy of the order of removal to the overseers of the poor of the town of Bradford, within thirty days from the making thereof, said pauper was not duly removed; and thereupon a verdict was taken that said pauper was unduly removed.

To the aforesaid decision of the court, the appellees excepted, &c.

*Buck* and *Upham,* in support of the motion. An order of removal is a judgment of a court having competent jurisdiction to render judgment upon the subject matter, and an order without adjudging the last legal settlement of the pauper is bad. [2 *Salk.* 479—*Cases of Ses.* 32, quoted in 3 *Burn's,* 475, 476.] The question then raised by the motion to quash, and which was submit-

Orange,
February,
1826.

Bradford
vs.
Corinth.

ted for trial, was this and this only ; had or had not the pauper his last legal settlement in Bradford, at the time it was adjudged by the justices that he had ; and ought their judgment to be reversed as having been made contrary to the truth ? In the determination of this question, the facts must be taken as they existed at the time of making the order, and no subsequent proceeding can have any tendency to impair or diminish its *merits.* As the question stood, then, the court misdirected the jury in charging them that the omission of *Corinth*, to prove a subsequent delivery of a copy of the order, within thirty days after it was made, would entitle *Bradford* to a verdict under the issue then pending.

The act requiring the delivery of the copy of the order to the overseers of the town to which removal is ordered, was designed, and can have no other effect than to give notice to the town so adjudged to be liable. The omission to deliver the copy, then, is mere irregularity ; and though the order might be quashed, on motion for that cause, yet, as Bradford put the question to be tried upon the merits of the order alone, without assigning any irregularity as a cause for quashing the order, they have waived every objection for irregularity, and cannot take advantage of them under the issue they have raised, which involves only the merits as before stated. In the case of *Richmond* vs. *Milton*, (*Brayton*, 188,) the court decided that all pleas or motions, founded on the *irregularity* of the proceedings, should be first tried as dilatory pleas are in other cases, and the *merits* of the case on the issue, whether duly or unduly removed, (involving the question where the pauper was last legally settled,) might be tried by a jury. As well might a defendant in a suit at law, on a trial under the general issue, take advantage of matter of abatement, as that Bradford can have the advantage sought by them in the objection urged, for want of a copy of the order of removal. Acts appertaining to orders of removal may be divided into two classes, viz. such as relate to gaining or preventing a legal settlement, and *determining* the liabilities of towns to support paupers, and such as relate to the *process* of removal, and enforcing those liabilities. The first class may be considered as connected with the merits of the order, and in their performance strict adherence to the law is essential : the second class have no such connexion. Deficiency in the first class will subject the town thus deficient to very different consequences from what would result from neglect of acts within the second class. In the one case, the pauper will be settled on the town neglecting its duty ; in the other, they will be subject only to the expenses of a new order, and the costs accruing on the irregular order.

An order of removal quashed upon the merits, is conclusive between the two towns, parties to the order, (2 *Salk.* 486, quoted 3 *Burns* 499,) but an order quashed for want of form is not conclusive. [2 *Burns*, 502.] Now if this order is discharged, the consequence must be that the pauper is settled in Corinth, when in point of fact, he has his legal settlement in Bradford.

Bradford
vs.
Corinth.

Orange,
February,
1826.

To quash the order under the present state of the record would destroy in its consequences, every distinction between orders without merits, and orders irregularly enforced : and defect of form, of service or copy, or any other deficiency of similar character, would be attended with the same consequences that attend a want of merits.

Bradford having seen fit to waive all objections for form or irregularity, and to put the question upon the single issue, whether the pauper had a legal settlement in Bradford at the time of making the order, and the adjudication of the justices, that he so had a settlement, they ought not to be permitted to take advantage of other objections, but ought to be held to the consequences of a decision strictly on the issue joined.

*Marsh* and *Prentiss*, contra. The 5th section of the statute, passed Nov. 4th, 1817, enacts, that an attested copy of the order of removal shall be left with some one of the overseers of the poor of the town, to which the pauper shall be ordered to be removed, within thirty days after the making such order. [*Acts of* 1817, p. 89.] This is a positive provision of the statute, and cannot be dispensed with, unless the appeal is taken by the overseers of the town to which the pauper is removed, before the thirty days have expired. The service of an attested copy of the order of removal on some one of the overseers of the town, to which the pauper is ordered to be removed, is an essential part of the proceeding, as much so as the order of removal itself; and without it, the pauper must be considered as *unduly removed*. Taking out the appeal after the expiration of the thirty days, is no waiver of the service of such copy of the order of removal, because the appeal is necessary for the safety of the town to which the pauper is removed. The pauper being actually removed, if the overseers should neglect to appeal within the time prescribed by the statute, the pauper would remain fixed upon them; for it is only by an appeal, that the order of removal can be reversed, and if not reversed in that way, the order is conclusive against the town to which the pauper is removed, and the town is without any remedy. But if the order of removal should not be holden to be conclusive in such case, yet how could the town thus aggrieved send the pauper back, otherwise than by an original order of removal on their part ? If they adopt such a proceeding, they must necessarily take upon themselves the burthen of proving the pauper's settlement to be in the town to which they thus return him; and if they fail in that, the order of removal must be reversed, and the pauper thrown back upon them, although his settlement may not be with them. In *Rex* vs. *Croke*, *Cowp.* 26, it was held, that where a particular form of notice was prescribed by statute, it must appear to have been precisely pursued, and that a defective notice was not cured by the appearance of the party. The same principle was adopted in *Commonwealth* vs. *Sheldon*, 3 *Mass. Rep.* 188.

Orange,
February,
1826.

Bradford
vs.
Corinth.

If the want of service of a copy of the order of removal, was mere matter in abatement, or matter on which to ground a motion to quash the order, it certainly would be waived or cured by appearing and taking out the appeal. But the record does not show whether this service has been made or not. It is a matter resting entirely in *pais*, and is an essential fact to be proved on the trial of the issue, that the pauper was *unduly removed*. It is as necessary to prove this fact on the trial of this issue, as it is to prove, on the general issue in an action of eject-ment, notice to quit; or to prove notice, or a special demand, on the general issue in an action of *assumpsit*. As the service of a copy of the order of removal is not a matter of record, the want of such service cannot regularly be alleged as a ground for a motion to quash, because there is nothing from which the truth or falsity of the allegation will appear. But if the overseers, at whose instance the order of removal is made, have made the service required by the statute, they can prove the fact, and are bound to prove it affirmatively, in order to make out their case.

The opinion of the Court was delivered by

SKINNER, Ch. J. The 5th section of the statute of 1817, for the support of the poor, &c. requires that an attested copy of the order of removal shall be left with some one of the overseers of the poor of the town to which the pauper shall be ordered to remove, within thirty days after the making such order.

Although there is no other obligation upon any town to support that class of citizens called paupers, than what arises from positive statute, and consequently a strict and literal compliance with its requisitions is necessary; yet it has been repeatedly decided, that where the appeal is entered within the thirty days, no exception can be taken by the appellant, on account of the neglent of the appellee, in giving the notice required by this section of the statute.

The principal object of this clause of the statute is, that the town to which the pauper was ordered to remove, should have seasonable notice of the order; and if the appeal is taken from the order within the time, this defect could not have been in contemplation; and the court have presumed notice to be given; or that the claim to the notice pointed out in the statute in such case, is waived by the party appealing. But no such presumption arises, where the appeal is not taken within that time.

Whether an appeal can be regularly taken in any case from an order of removal, where there has been no removal in fact, and no notice of the order, is not material to decide; though it may be proper to notice, that where there is a removal, as in this case, the party can claim an appeal. The pauper is cast upon the town for maintenance; perhaps wrongfully—and without the right of appeal, there can be no redress but by a proceeding under the statute, to remove him to the place of his legal residence; which may be uncertain, or unknown; thus by a perversion of the use of the statute, the town removing, might be

Orange,
February,
1826.

Bradford
vs.
Corinth.

relieved from, and impose upon another, a burden and expense not to be sanctioned. No prosecution could be had under the statute, for the penalty of transporting, against the officer removing the pauper, under a warrant regular upon the face of it. It is also material that notice should be given, within the thirty days; in as much as the statute directs the appeal to be taken to the next court after notice; and if no notice is given, there can be no appeal regularly taken to any term of this Court. Therefore, that it is necessary to give notice according to the requisition of the section of the statute already referred to; and that the party may take advantage of the neglect, where there has been no appeal within the time, cannot be questioned: a contrary decision would be in effect to repeal the law.

In this case, the party appealing has pleaded, that the pauper was unduly removed; and on the trial of this issue, the court decided it was incumbent upon the opposite party to show notice of the order of removal.

The party appealing might have availed himself of this objection, by motion to quash; and a decision in his favour upon such motion, or upon any dilatory plea, would have left the rights of the parties upon the merits, where they were before the order of removal; but under the issue upon the record a verdict would be conclusive as to the settlement of the pauper. This would be giving an effect to the statute never contemplated. The legislature have declared what shall constitute a legal settlement; and in case a question arises between two towns as to such settlement, the mode of proceeding, for the purposes of obtaining a determination thereon, is also pointed out by the statute; and all questions arising under this part of the statute, either as to the qualification of the persons complaining, or of the magistrates, the form or substance of the complaint, service upon, and proceeding with the pauper, the regularity of the order, and notice to the town to which the removal is ordered, &c. must and ought to be presented, and decided, as dilatory pleas. If the party appealing will put in issue the question of settlement, by pleading as in this case; no informality or irregularity in the proceeding can be noticed. This seems to be the law, as decided in the case of *Richmond* vs. *Milton*, and we consider it correct.

The verdict, therefore, must be set aside, and a new trial granted.

PRENTISS, J. being of counsel, did not sit in the cause.

*Chs. Marsh* and *Samuel Prentiss*, for the appellants.

*D. A. A. Buck* and *Wm. Upham*, for the appellees.