## Town of Dorset *v.* Town of Rutland, Appellants.

The appeal from an order of removal of a pauper must be taken to the term of the county court next to be holden after a copy of such order is served as the statute requires; but, if not so served, but the pauper is at any subsequent time *actually removed* by virtue of such order, the appeal is to be taken to the term of the county court next to be holden after such removal.

If a town, having procured an order of removal of a pauper, neglect to serve upon the other town a copy of such order within thirty days after obtaining it, as the statute requires, and, after the thirty days, the pauper be removed, such order and removal will nevertheless be conclusive as to the pauper's settlement, if unappealed from;—since the neglect to leave the copy of the order, or to remove the pauper, within the time required by statute, do not render the proceedings *void*, but merely *voidable*.

The leaving a " true and attested copy of the original complaint and warrant of removal" with such overseer within the thirty days, by the officer having the warrant in his hands to execute, is not a compliance with the statute requiring a copy of the order of removal to be left with the overseer within that time.

Dorset *v.* Rutland.

APPEAL from an order of removal.

The order was made on the 12th day of September, 1842. On the 26th of September, 1842, the officer, having the warrant in his hands to execute, returned that the pauper was sick and unable to be moved, and that he had left in the hands of the overseer of the poor of the town of Rutland a "true and attested copy of the original complaint and warrant of removal," with his return thereon endorsed. On the first day of February, 1843, a new warrant was issued on the same order, by virtue of which the pauper was, on the eighth day of February, 1843, removed to Rutland. The appeal was taken April 28, 1843.

In the county court the plaintiff moved to dismiss the appeal, for the reason that it was not taken to the term of the county court next to be holden after the making of the order. The court overruled the motion; to which the defendant excepted.

*Miner* and *Burton* for plaintiff.

The town of Rutland had no right to an appeal, by statute, excepting to the first term of the county court after the order of removal was made. If a copy of the order was not left within the thirty days, or the pauper was not actually removed within that time, the order may have been a nullity, and the town of Rutland might have sustained an action for any subsequent removal; but their remedy was not by appeal.

Notice in fact was given to Rutland of the making the order, within thirty days after it was made; for the case shows that a copy of the whole proceedings, including a copy of the order, was left by the officer with the overseer of the poor of Rutland within that time.

*R. Pierpoint* for appellant.

The order was perfectly inoperative before the removal; and the town of Rutland, not having been legally notified of its existence, was not required to regard it, either by appealing, or in any other way. But, when the pauper, by virtue of the order, was removed to Rutland, and that town was charged with his support, then their only remedy was to appeal; which appeal was duly entered to the *then* next term of the county court.

Dorset *v.* Rutland.

The appeal is to be taken to the term of the court holden next after notice of the order is given. *Bradford* v. *Corinth*, 1 Aik. 290. *Waterbury* v. *Fairfax*, 1 Aik. 295. *Strafford* v. *Hartland*, 2 Vt. 565. *Barre* v. *Morristown*, 4 Vt. 574. If the appeal was not entered in time, the order is conclusive; but, in *Barre* v. *Morristown*, the court held, that, to make an order conclusive, it must be executed,—that is, the pauper must be actually removed, unless prevented by sickness or death, or the order must be perfected by giving legal notice of the same.

The opinion of the court was delivered by

HEBARD, J. Two principal questions arise in this case: 1. Was it necessary for Rutland to take an appeal from the order of removal? 2. If it was necessary, then was the appeal taken in season?

The statutory provision is, that, "when any order of removal is made, a true and attested copy of such order shall be left with the overseer of the town to which such pauper is ordered to be removed, within thirty days after the making of the order, unless such pauper is removed in that time." In relation to the appeal, it is provided that, "if the overseer shall think himself aggrieved by any order or warrant of removal, he *may* appeal therefrom to the county court next to be holden within and for the county in which such order was made."

In this case the order of removal was not served upon the overseer of Rutland within the thirty days, nor before the county court next after the order was made, nor was the pauper removed in that time. Then there was nothing from which to appeal in that time. The copy of the warrant, which the constable left with the overseer on the 26th of September, was no compliance with the law, and was no act, of itself, which the law required to be done, and, of course, Rutland was in no way bound to regard it; and, until a copy of the order was served as the statute requires, or the pauper was actually removed, the order would not become operative upon Rutland. But, when the pauper is in fact removed, the town must then appeal, to avoid the consequences of having the settlement of the pauper fastened upon them,—for such would the effect, at least in all cases where the pauper had no legal settlement in the state. No proceeding, under the statute, could be sustained against the constable for

transporting the pauper under a warrant legal upon the face of it. *Bradford* v. *Corinth*, 1 Aik. 290.

The statute provides that the town aggrieved may appeal to the court, *next to be holden* in the county in which such order is made. Now what is the meaning of that? What construction will it bear? and what construction must it have, in order to answer the purpose which was intended? It is obvious that it must mean the *next county court* after the order of removal has been served upon the overseer of the town to which the pauper is ordered to remove, or to *the county court* next after the pauper is *actually* removed, in case the order is not served as the statute requires. Suppose the order of removal to be made one week before the session of the court, and, on the 29th day after the order is made, a copy of the order is regularly served upon the overseer of the poor of the town to which the pauper is ordered to remove, and a term of the court has intervened;—the town making the order has strictly complied with the letter and spirit of the law, and still the other town is deprived of all remedy by appeal, unless we adopt the construction already suggested.

The view that we have thus taken meets both branches of the inquiry. It was necessary that Rutland should appeal, because the proceedings on the part of *Dorset* were merely *voidable*, and not *void*, and Rutland could in no other way *avoid* the effect of them than by appealing;—and as to the other branch of the inquiry, the appeal was taken in *season*, because it was taken to the county court next to be holden after the town of Rutland was made a party to the proceedings.

The judgment of the county court is affirmed.