Hon. JONATHAN ROSS,  
Hon. H. HENRY POWERS,  } ASSISTANT JUDGES.  
Hon. WHEELOCK G. VEAZEY,

---

## TOWN OF WESTMINSTER *v.* TOWN OF WARREN.

### *Pauper. Appeal. Motion.*

1. An order of removal was made on the 16th of October, 1880, and the warrant of removal served on the defendant the 25th of October, 1880, the officer stating in his return that the pauper's wife was "unab'e to be moved." On the 10th of June, 1881, the paupers were removed and a copy of the warrant left with defendant, *Held,* that the defendant was entitled to an appeal to the term of the County Court next following June 10th, 1881.

2. No certified copy of the order of removal was filed in the County Court. The copy of appeal contained the warrant of removal with the officer's return; the warrant recited the order of removal; and ʋne of the justices signing the warrant certified that the copy of appeal was "a true copy of the original order of removal, &c., . . . made by us as appears by the original files and records." *Held,* that the defect in the c py of appeal was not such as to warrant a dismissal on motion.

3. No presumptions are made in regard to *ex parte* proceedings.

4. R. L. s. 2840, pauper, appeal from order of removal, construed.

APPEAL from an order of removal of one F. R. Buxton, a pauper, his family and effects. Heard on motion to dismiss the appeal, March Term, 1882, ROWELL, J., presiding. Motion sustained. The motion claimed the appeal should be dismissed; because the defendant had not filed in the County Court any certified copy of the order of removal, made October 16, 1880, recited in the copy of warrant of removal filed in court; because the warrant of removal, reciting the order of removal, was served on the defendant October 25, 1880, and it did not take an appeal " to the then next stated term of this court, begun and holden" at Newfane, on the second Tuesday of March, 1881; and because the defendant did not claim an appeal till the 10th of September, 1881.

The constable serving the warrant October 25, 1880, stated in his return that the wife of said Buxton was unable to be moved. On the 10th day of June, 1881, the constable transported the paupers to the town of Warren, lodged them with the overseer of the poor of said town, and left a copy of the warrant with him.

*C. B. & C. F. Eddy,* for the plaintiff.

*Martin & Eddy,* for the defendant.

The opinion of the court was delivered by

ROSS, J. The statute, R. L. s. 2840, gives to a town aggrieved by " an order or warrant of removal" of a pauper the right to appeal therefrom. It is held in *Dorset* v. *Rutland,* 16 Vt. 419, that where the order of removal is not served agreeably to the statute, but instead thereof the warrant, reciting the order, is served by a copy, the return stating that the pauper was unable to be removed, the town on which the service is so made is not bound to regard it, such service being wholly unauthorized by the statute, but where, after the time had expired for serving the order of removal, the paupers are actually removed on another warrant issued on the order of removal, the town to which the paupers are removed can and must protect itself by an appeal from such warrant of removal, or sustain the burden of supporting

the paupers removed. That case in principle is identical with and controls this, so far as regards the plaintiff's second, third and fourth grounds for the motion to dismiss. The defendant's appeal from the service of the warrant of removal by the removal of the pauper—the only service thereof which was authorized, and which it was bound to regard—was seasonably taken. The preliminary proceedings, resulting in making the order of removal, are strictly *ex parte*, and do not affect or bind the town to which the paupers are ordered to be removed, until service is made on such town, as directed by the statute. The statute, s. 2835, provides that a copy of the order of removal, certified by the justices making it to be a true copy, shall be served on the overseer of the poor of the town to which the pauper is ordered to be removed, within thirty days after the same is made, unless the pauper is removed within that time. The statutory method of service must be followed to bind the town on which the order is made. But in *Dorset* v. *Rutland, supra,* it was held the order was not void, and only voidable, if not served by certified copy within the thirty days, if service was subsequently made by the removal of the pauper on a warrant issued after the thirty days had expired.

II. The plaintiff's first ground for moving to dismiss the appeal is that the defendant has not procured and filed a certified copy of the order of removal. Motions to dismiss are addressed to and reach such defects as are apparent upon the record as it exists when the motion is filed. There is nothing in this record that affirmatively shows that any such order of removal was ever made and drawn up in form by the justices of the peace who issued the warrant of removal. The justice certifying the copies of appeal asserts that the foregoing—which is the warrant of removal with the two officers' returns thereon, and which recited that an order of removal was made Oct. 16, 1880,—"is a true copy of the original order of removal . . . and the warrant of removal and officers' return thereon as made by us and as appears by the original files and records," &c. It is not to be presumed or assumed against this certificate that there was among said records an order of removal, other than as recited in the

warrant drawn up in form. Nor do the defendant's pleas, when examined, furnish any aid to this ground of dismissal. One of them denies that any such order as is recited in the warrant was ever made. It is contended by the plaintiff that the maxim, *omnia præsumuntur rite esse acta* prevails in reference to the *ex parte* proceedings of a town in regard to orders of removal. It has generally been held that no presumptions were to be made in regard to such proceedings so far as they were strictly *ex parte.* The town to be affected had no opportunity to object to their regularity. They are wholly statutory, in the nature of proceedings *in rem*, up to the point of making the service required by statute upon the town to be affected adversely by the order, and it is incumbent on the moving town to show a strict compliance with the provisions of the statute in order to make such proceedings binding upon the town affected adversely thereby. But even if the ordinary presumption of the regularity of judicial proceedings should attach to such proceedings, while strictly *ex parte,* we do not think it should countervail the legal certificate of the justice of the peace who participated in making the order and warrant of removal. Hence, on the record of the case as made up when encountered by the motion to dismiss, we do not think such a failure in filing full copies of the record of the justices issuing the warrant of removal is shown as warranted the County Court in dismissing the appeal. On the service of the warrant of removal by actually removing and leaving the paupers with the defendant town for support, it was under a necessity of taking an appeal, or take the burden of forever supporting the paupers. It was not under an obligation of bringing into the County Court, as copies of the record in the case, what the justice making the record impliedly certified did not exist.

The judgment of the County Court is reversed, and the cause remanded to be further proceeded with in that court.