OVERSEERS OF DORSET, appellees *vs.* OVERSEERS OF MANCHESTER, appellants.

An order of removal of a pauper, from which no appeal is taken, is conclusive against the town to which the removal is made, and may be given in evidence, not only by the town in whose behalf it is made, but by any other  town.

When the matter in defence does not amount to a full and complete estoppel, and cannot be pleaded as such, or the party has no opportunity to plead it, he may shew it in evidence.

On an appeal from an order of removal, it was held that the appellant town might give in evidence an order of removal, warrant thereon, and actual removal from another town to the appellee-town, and that this order had not been appealed from.

This was an appeal from an order of two justices, removing a pauper from *Dorset* to *Manchester*.   On the trial of the issue joined upon the plea  that the pauper was  unduly removed, for that his settlement was not in *Manchester*, the appellees proved a residence of the pauper in *Manchester* in 1815  and 1816 for more than a year.    The appellants thereupon produced and offered in evidence the record of an order of removal from Middletown to *Dorset* in 1824, and of a warrant of removal issued thereupon, with a return thereon that the pauper was removed to *Dorset* pur-

suant to said warrant ; from which order no appeal was taken by <span style="float:right">BENNINGTON, February, 1830.</span> *Dorset.* The appellees objected to the admission of this record in evidence, and the county court having rejected it, the appellants filed their exceptions : and a verdict being returned for the appellees, and judgement rendered thereupon, the cause was removed to this Court on the exceptions.

<span style="float:right">Dorset vs. Manchester,</span>

*Bennett* and *Aikin, for the appellants.*

*Smith, for the appellees.*

PRENTISS, Ch. J., delivered the opinion of the Court.—After the appellees had proved a settlement of the pauper in *Manchester* in 1815, by a year's residence there, without being warned out, the appellants, in order to shew a subsequent settlement of the pauper in *Dorset,* offered in evidence the record of an order of removal from Middletown to *Dorset,* made and executed in 1824. That this order of removal was evidence, and conclusive evidence, of the settlement of the pauper in *Dorset,* at the time the order was made, cannot admit of a question. An order of removal, unappealed from, is conclusive against the town to which the removal was made, and may be given in evidence, not only by the town in whose behalf it was made, but by any other town. Not only so, it may be given in evidence, and has the same conclusive effect, upon the question of settlement arising between any other towns. It was observed by *Buller, J.,* in *Rex* vs. *Kenilworth,* 2 *Term Rep.* 598, that there was no proposition in the law of settlements more clear, than that an order of removal, unappealed from, was conclusive as to all the world ; and that this was so clearly and so universally established, that it ought never to be impeached. And in *Rex* vs. *Corsham,* 11 *East,* 388, it was directly and expressly decided, that an order of removal, executed and unappealed from, is conclusive as to the settlement of the pauper, at the time of the order, between parishes not parties to the order.

The rule, that when a fact, to which an estoppel applies, is distinctly averred or denied by one party, and the other, instead of pleading the estoppel, takes issue on the fact, he waives the estoppel, and the jury are at liberty to find the truth, has no application to this case. A plea of estoppel must contain matter which precludes the other party from alleging or proving the fact on which he relies ; and when the matter does not amount to a full

BENNINGTON, February 1830.

Dorset *vs.* Manchester.

and complete estoppel, and cannot be pleaded as such, or the party has no opportunity to plead it, he may shew it in evidence. Though the order of removal, which was offered in evidence by the appellants, was conclusive that the pauper's settlement was in *Dorset* in 1824, it would not estop or preclude the appellees from shewing that he had acquired a subsequent settlement in *Manchester*, and thus proving the fact alleged that his legal settlement was there. A judgement or decree, when given in evidence, as a collateral fact, between those who are not parties to it, is, in general, conclusive in its operation.

Judgement reversed, and cause removed to the county court for a new trial.