WASHINGTON
March,
1832.

## TOWN OF BARRE vs. TOWN OF MORRISTOWN.

Where a constable in his return on a warning-out process stated he had *served the same by leaving a true and attested copy at the dwelling-house of the person named in the process,* without stating with whom, or in what situation, he left the copy,— it was held that the warning was insufficient.

Where the overseers of the poor of the town of B, under the supposition that certain paupers residing in the town of M, had a legal settlement in B, supported the paupers for a time in M, and afterwards carried them to B, and supported them there for a long time,—it was held that these proceedings of the overseers of B, though legal evidence, were not conclusive that the paupers were legally settled in B.

And although in such case the overseers be empowered by the town to use their discretion with regard to the paupers, they cannot by such proceedings change the place of settlement of the paupers.

To make an order of removal of a pauper conclusive between the towns who are parties thereto, and also as to all others, it must be perfected by giving the notice required by the statute, that is, by leaving a true and attested copy within thirty days after the order of removal is made ; and this notice cannot be waived, so as to affect the settlement of the pauper, by any agreement of the overseers of the town entitled to receive it.

This was an appeal from an order of two justices of the coun- ty of Washington for the removal of Thomas Brigham, Sally Brigham, his wife, and Lucy L. Brigham, their daughter, from *Barre* to *Morristown*. Plea, that the paupers were unduly removed, because their last legal settlement was not in *Morristown*. Upon which issue was joined. On the trial it was admitted by the parties, that the paupers removed to *Morristown* in 1814, and resided there till about the first of January, A. D. 1824—and that previous to their so going to reside in *Morristown*, their legal settlement was in *Barre*. The defendants then offered in evidence the record of a warning relating to these paupers and several other persons, issued by the selectmen of *Morristown*, dated December 23d, and served and recorded December 30, 1814; to which the plaintiffs objected for the insufficiency of the officer's return thereon, which was as follows:

*State of Vermont,* ⎱ *Morristown,* December 30th, 1814. By *Orleans County, ss.* ⎰ virtue of the within summons I served the same by leaving a true and attested copy at the dwelling house of the within named Thomas Brigham with my return thereon endorsed. Attest, *Jona. Cooke, Constable.*

The record was accordingly rejected by the court. The defendants then gave in evidence an order of two justices of the county of Orleans, dated December 25, 1823, for the removal of the paupers from *Morristown* to *Barre*, with the complaint, process, and proceedings connected therewith. It was not shown, nor pretended, that any copy of this order was delivered to any of the overseers of *Barre*, nor that the order was executed by a removal of the paupers under it ; but in aid of said order, and with a view to make it conclusive upon the question of settlement, the defendants offered parol evidence to prove the following facts : That for a considerable time previous to the making of said order the overseers, as well of *Barre* as *Morristown*, supposed the settlement of the paupers was in *Barre*, and that communications passed between them upon that supposition ; that in June, A. D. 1823, the overseers of *Barre* went to *Morristown* to look to the situation of the paupers ; and finding them sick and unable to be removed at that time, they requested the overseers of *Morristown* to provide for them, and promised to pay the expences ;— that in July, 1823, the subject of said paupers was referred by *Barre* to the discretion of their select-men, being also the overseers, as by a vote of said town, passed February 12th, 1823, offered in evidence ; that immediately after the order was made, one

Washington,
March,
1832.
————
Barre
vs.
Morri-town.

of the justices wrote to the overseers of *Barre*, informing them of the order ; that in consequence of that information, the overseers of *Barre*, about the 1st of January, A. D. 1824, went to *Morristown*, when they had full notice of the order and previous proceedings, and requested that the order might be no further prosecuted, declaring their full conviction that the paupers belonged to *Barre* ;—that they therefore paid to the overseers of *Morristown* the costs which had accrued in the proceedings—being about $10,00—and carried the paupers to *Barre*, where they were supported by the town as paupers until the present order and removal were made. To the admission of this evidence, the plaintiffs objected, and the same being rejected by the court, a verdict was returned for the plaintiffs. To these decisions of the court the defendants excepted, and the case was reserved for the opinion of this Court.

*The counsel for the defendants* contended, that the previous order of removal from *Morristown*, under the circumstances of the case, was conclusive upon the town of *Barre*.

1. That no undue advantage might be taken of the town to which a pauper should be ordered to remove, the 5th section of the act of 1817, *(Stat.* 383,*)* provides, " that whenever any order of removal shall be made, &c., an attested copy of such order shall be left with some one of the overseers of the poor of the town to which said pauper shall be ordered to remove, within thirty days after the making of such order." The principle object of this section of the statute is to give seasonable notice of such order to the town to which a pauper is ordered to remove, that if the overseers of the poor of such town should feel themselves aggrieved by such order, they might take their appeal to the next county court, as is provided by the 6th section of the act of 1797, *(Stat.* 371.*)* But notwithstanding the positive words of this statute, it was decided in the case of *Bradford* vs. *Corinth, (* 1 *Aikens,* 290,*)* that if the appeal was entered within the thirty days, no exceptions could be taken by the appellants, on account of the neglect of the appellees to give such notice : and the court would presume notice to be given, or that claim to the notice was waived by the party appealing. And again, in the case, *Stamford* vs. *Whitingham, (2 Aikens,* 188,*)* Skinner, C. J., said, " it has been repeatedly decided by this Court, if the appeal is taken within the thirty days, (the time limited for giving notice,) a compliance with that requisition of the statute is unnecessary. By taking the appeal within the time the appellant waives the notice."

WASHINGTON
March,
1832.

Barre
vs.
Morristown.

In these cases the Court decided, that a town might waive their right to strict notice, by copy of the order, as is provided by statute, and still be bound by the order. The evidence offered by the appellants on this point in their case, and excluded by the court, went no further than to show an express waiver of the notice required to be given by the 5th section of the act of 1817.

2. This notice being given exclusively for the benefit of the town, taking the appeal, it is most clear, that such town may waive their right to such notice ; and this waiver may be not only *expressed*, but *implied*, from the acts of the parties.—*Bradford* vs. *Corinth*, 1 *Aikens*, 290 ; *Stamford* vs. *Whitingham*, 2 *id.* 188 ; *Paris* vs. *Hiram*, 12 *Mass.* 262 ; *Embden* vs. *Augusta*, *id.* 307. In Connecticut, where, by a provision of their statute, it was necessary for one town, before they could maintain an action against another town for expenses incurred for the support of a pauper, to present a statement of such expenses to such town, and demand payment—but the statute does not declare that such statement shall be in writing—*Hosmer*, *Ch. J.*, in delivering the opinion of the court in *Newton* vs. *Danbury*, (3 *Conn.* 553–8,) said, if the law had required the exhibition of notice, and demand to be in writing, my opinion on this point would not be varied : the rule requiring notice is founded in good reason, and was introduced for the defendant's benefit. The defendant as a consequence may always waive the privilege on the established principle, that, *quisquis potest renunciare juri pro se introducto.* The waiver may be expressed or implied ; and as the select men of Danbury, the agents of the town, and vested with full power on this subject, explicitly declared, on the demand made by the plaintiffs, " that Sally was not the wife of Adam S. Clark, and Danbury was not bound to support her," they placed their defence on *this ground*, and impliedly waived particular notice. The same doctrine is also held in *Strafford* vs. *Fairfield*, 3 *Conn.* 588. The principle that a party may waive a right created by law for his exclusive benefit is clearly established as relates to bills of exchange and promissory notes. " It is a settled rule, that though an endorser has not had regular notice of non-payment by the drawee, yet, if with a knowledge of that fact, he makes a subsequent promise to pay, it is a waiver of the want of due notice."—*Durgee* vs. *Dennison*, 5 *J. R.* 248. " The endorser of a note waives the notice to which he is entitled, by promising payment, when notice of nonpayment is given him at an earlier hour of the day, than the law requires."—*Seely* vs. *Bisbee*, 2 *Vt. Rep.* 105. And the lan-

WASHINGTON
March,
1832.

Barre
vs.
Morristown.

guage made use of by the Court in the decision of *that* case, may well be applied to *this*, when they say, "this promise under all its circumstances was more than a waiver of further notice. It was calculated to prevent the same ; for the plaintiff might well rest satisfied after this promise from the defendant." So when the service of a writ is irregular, by being served out of, and beyond, the borders of the county, to the sheriff of which it was directed, but defendant on receiving notice of declaration says, " It is all right, I will call and settle the debt and costs," the irregularity is waived.—*Loyd* vs. *Hankyard*, 17 *Com. Law Rep.* 259 ; *Rawes* vs. *Knight*, 8 *do.* 270 ; 2 *Chitty's Rep.* 236, 240.

3. An order of removal duly made, and notice given within thirty days, unappealed from by the town to which a pauper shall be ordered to remove before the next county court, is conclusive between said towns as to the settlement of such pauper.—*Strafford* vs. *Hartland*, 2 *Vt. Rep.* 565 ; *Hartland* vs. *Williamstown*, 1 *Aikens*, 241 ; 2 *Johns. Rep.* 105. In England an order of removal, unappealed from, has the same effect as the affirmance of the order by the court appealed to. It is conclusive to all persons.—*Ib.* 241–51 ; *Stockham* vs. *Findon*, 2 *Salk.* 489 ; 6 *T. R.* 615. It has been decided that a notice, which, if answered or particularly objected to, would be insufficient, may become sufficient by an acceptance of it, by the other party.—*Paris* vs. *Hiram*, 12 *Mass.* 262. The evidence offered by the appellants in this case, and rejected by the court, went to show actual notice of the order of removal from *Morristown*, given to the overseers of the poor of *Barre*, by a written communication from one of the justices making the order to them ; and further, to show, that *Barre* accepted the order of removal, and waived all objections for the want of that notice, by actually taking charge of the paupers, removing them from *Morristown*, and supporting them six years. When *Barre* took under their charge, and removed from *Morristown*, the paupers in this case, and paid the costs which had accrued to that time, *Morristown* had accomplished all they sought to, and giving the notice after the acceptance by *Barre* of the paupers, and their *special request* to have no further proceedings had, would only have made additional cost for *Barre* to pay, without effecting any object contemplated by the statute ; and it is now too late for *Barre* to object for want of *such* notice, after having full notice, and the written forms dispensed with only at their special request. *Lord Coke* says, " the reason of a law is its soul ; change the reason, and the law is changed." And again,

WASHINGTON
*March,*
1832.

Barre
*vs.*
Morristown

" No one gains an advantage from his own deceit." Let us apply these maxims to the case at bar. The provision of the statute directing a copy to be left, &c., was intended for the benefit of *Barre,* that they might have full knowledge of the proceedings had, and, if dissatisfied, take an appeal. *Barre* having received this knowledge so that they *might* have taken their appeal, and having acquiesced in the justice of such order, and requested that no further proceedings should be had, the *reason* for leaving the copy was obviated, and *Barre,* after having acquiesced in such order for six years, should not now be permitted to take advantage of their own wrong.

4. The overseers of the poor of a town, are the agents of such town, and their acts and admissions, while executing their agency, will be binding on, and may be proved as evidence against, such town.—*Burlington* vs. *Calais,* 1 *Vt. Rep.* 385 ; *Washington* vs. *Rising, Bray. Rep.* 188.

*The counsel for the plaintiffs, contra.*—1st. The record of the warning was properly excluded. It is defective, the officer's return not showing in what situation the copy was left, which is required to appear by the statute.—*Bray. R.* 183, *no.* 10 ; 2 *Aik.* 272. Nor can the officer amend his return.—2 *Aik. R.* 272 ; 7 *Mass.* 388 ; 8 *do.* 240 ; 7 *do.* 242.

2nd. Are the appellees concluded by the order of December 25th, 1823 ? We answer,—*Firstly.* No legal notice of the order of removal was given. It was not such notice as rendered it necessary, or enabled the appellees, to appeal.—1 *Aik. R.* 290. When a particular form of notice is prescribed by statute, it must be strictly pursued, and a defective notice is not cured or waived by any appearance of the party.—*Cowper,* 26 ; *Commonwealth* vs. *Shelden,* 3 *Mass. R.* 188. So nothing will amount to a notice in writing to make a settlement under the 3 and 4 *W. & M.* c. 11, that is not specified in that act.—2 *Salk.* 475. The town that calls on another town for the removal of a pauper, ought to be able to prove that the notice required by the statute, was actually delivered.—16 *Mass. R.* 110. In the case of *Dutton* vs. *Hinsdale,* (6 *Mass. R.* 501,) it was held, that notice from one town to another, to obtain the removal of a pauper, or the reimbursement of the expenses of a pauper's support, must be in *writing*, and the town is not concluded if *parol* notice is given to its agent, and he makes no objection on this account. Our statute is imperative, that a copy of the warrant *(Stat.* 370. *s.* 3*)* and a

copy of the order of removal, (Stat. 383, s. 5,) shall be left with some one of the overseers of the poor of the town to which the pauper is removed. In *Hartland* vs. *Williamstown.* (1 *Aik. R.* 241,) it was said by Skinner, C. J., that previous to the passing of the act of November 4th, 1817, notice in any other way, than by leaving a copy of the warrant, would not be good. The parol evidence there offered to show notice to the appellees of the order of removal, was properly excluded; and without legal notice of this fact, the town is not estopped from questioning the settlement of the paupers. Had the order in question never been executed, nor a copy of it lodged with one of the appellees, which the case shows was not done in this case, it would not be urged that we are concluded by the order, had not the appellees removed the paupers to *Barre.* This brings us to the question, is *Barre* bound by these acts of her overseers? and can overseers of the poor, *virtute officii*, waive the execution of an order of removal, and the notice required to be given by the statute, so as to conclude their town by any thing short of an appeal from the order? Overseers of the poor are special agents, with special powers, which are strictly confined within the acts conferring the power, (*D. Chip. R.* 83, 461, *n.*) and their acts are no further binding upon the town than as they are done in pursuance of the statute.— 1 *Johns. R.* 109 ; 2 *Cranch* 166. By our statute they are vested with certain special powers, among which is that of appealing from an order of removal made and executed according to the provisions of the statute.—*Stat.* 371, *s.* 6. But they are nowhere authorized to waive any of the provisions of the statute. Suppose an order of removal was made by one magistrate by the consent of the overseers of the poor of the town sought to be charged by the order, they agreeing to waive the requirement of the statute which requires the order to be made by two magistrates. Would the town be bound by such an agreement? No. But why not; because they exceeded their authority. But have they not as much power to waive this provision of the statute, as the one which requires the order to be executed, and a copy of the warrant and order of removal to be delivered? And will not the power claimed for overseers of the poor, by the appellants, authorize them to submit to arbitrament a question regarding the settlement of a pauper; and thus bind the town? But this power was expressly denied to them in *Griswold* vs. *North-Stonington,* (5 *Con. R.* 367.) So in *Leavenworth* vs. *Kingsbury,* (2 *Day's R.* 323,) it was held, that selectmen could not make an accord regarding the

claims of the town. And in *Spencer* vs. *Overton,* (1 *Day's R.* 183) it was decided, that they could not make admissions which would bind the town. It is true, that it has frequently been intimated by this Court, that when an appeal is taken from an order of removal within the thirty days, a neglect to leave a copy of the order is not an objection, which can be taken advantage of. But it is to be observed, in all these cases a copy of the warrant was left. And when the appeal is thus taken, the very thing is done, for which a copy is required to be delivered; and the court will presume that a copy was duly left. This was the ground of the opinion of the Court in *Bedford* vs. *Corinth,* (1 *Aik. R.* 290.) So in *Burlington* vs. *Calais,* (1 *Vt. R.* 385,) it was ruled, that the admissions of an overseer of the poor and agent of a town, that due notice had been received, made while executing his agency, might be proved as evidence against the town. In that case the notice required by the statute had been given, and the agent's admission went merely as to the receipt of it, not that he had waived notice. So it has been held in Massachusetts, that a defective notice may be waived. This however is a defect in form which may be waived by a provision of the statute of that state. But it is believed to be otherwise in matters of substance. But,

*Secondly.* Admitting that the acts of the overseers of the poor of *Barre* are the acts of the town; yet the appellees are not estopped from questioning the settlement of the paupers. The settlement of the paupers is fixed and determined by the operation of law, and not by the agreement of towns. Therefore, all the requisitions of the statute, which require notice by copy of a warrant and order, must be strictly pursued in order to estop the town to which the removal is made. Thus, when land is set off on execution, our statute, and that of Connecticut, requires the land to be appraised by three freeholders of the town in which the land lies. It would seem reasonable that the creditor and the debtor might waive this requisition of the statute, and agree upon appraisers who resided out of the town. But in *Chapman* vs. *Griffin,* (1 *Root,* 196;) and in *Metcalf* vs. *Gillet,* (5 *Con. R.* 400,) it was held otherwise, on the ground that the title is transferred by operation of law, and that none of the provisions of the statute can be waived. So an agreement made between two towns that a pauper's settlement is in one of them, does not affect his settlement, and neither town is concluded.— 4 *Mass. R.* 281; 15 *do.* 261; 3 *Salk.* 253. We answer

*Thirdly.* That it is true that an order of removal duly executed, and either confirmed or unappealed from, is, according to

WASHINGTON,
*March,*
1832.

Barre
*vs.*
Morristown.

WASHINGTON, the English law, an adjudication *in rem*, and therefore final.—3
   *March,*   *Stark. Ev.* 1328 ; 2 *Salk.* 488, 524, 527.   Stress is laid on the
   1832.
   Barre    order being duly executed.   But in the case at bar, the order
   *vs.*    was never executed, and it is to be regarded as abandoned by the
Morristown.  appellants.   They at the request of the appellees desisted from
proceeding with their order ; and it seems that both parties treat-
ed it as a nullity, as the paupers were removed to *Barre* by the
appellees, and not under the order.   Had the appellants intended
to rely upon the order as determining the settlement of the pau-
pers, they should, and in all probability would, have delivered to
the appellees a copy of the order as required by the 5th *sec.* of the
act of November, 1817.   In *Leicester* vs. *Rehoboth, (4 Mass.
R.* 180,) where it was contended, that the defendant town was
estopped from questioning the settlement of a pauper, *Parsons,
C. J.,* said, " estoppels are not to be favoured, because the truth
may be excluded.   And no party ought to be precluded from
making a defence according to the truth of his own case, unless in
consequence of some positive and unequivocal principle of law."
So in this case, the Court will not hold the appellees estopped, un-
less they are compelled so to do by some rigid rule of law.

3d. At the trial at the county court, much stress was laid on
the circumstance, that the town of *Barre* had, for several years,
supported the paupers, and treated them as being their poor.
But the appellants ought not to complain of this, for they are ben-
efitted, rather than injured, by it; nor are the appellees affected
by it as regards the present question.   In *Rex* vs. *Wooton St.
Lawrence, (Bur. S. C.* 581,) the parish officers gave a certifi-
cate which did not strictly pursue the certificate act of 8 & 9, *W.
III, c.* 30, *s.* 1, to the parish officers of *M* * * * *, acknowl-
edging the settlement of the paupers to be in their parish.   The
paupers afterwards returned to Wooton St Lawrence, where they
were relieved until the making the order of removal to M * * * *.
It was objected on appeal from this order, that the removing
parish having so long relieved the paupers and submitted to
the certificate, that it was concluded from contesting the settle-
ment, and that the parish ought to be bound by the acts of its
overseers.   But the court held otherwise ; and *Lord Mansfield*
added, " it is no consequence, that because parish officers may
bind their parish in some things, therefore, they may in all."   In
*Rex* vs. *Chilvers Colton, (8 Term R.* 178,) it was held, If it do
not distinctly appear on an order of removal, that the justices who
made it had jurisdiction, it is a nullity, and the parish to which it is

directed, may at any distance of time object to it, though they WASHINGTON,
March,
1832.

Barre
vs.
Morristown, never appealed against it, although they have acted under it twenty years.

WILLIAMS, J., delivered the opinion of the Court.—From the facts which are stated in this case the following questions arise.

1st. Whether the warning to Brigham and his wife, made by the select-men of *Morristown*, a copy of which was offered in evidence, and rejected, prevented the paupers from gaining a settlement in *Morristown*.

2nd. Whether the proceedings of the overseers of the poor of *Barre*, in taking the paupers from *Morristown*, and supporting them in *Barre*, are conclusive evidence of their being settled in *Barre*.

3d. Whether the order made by the justices of the peace of Orleans county, in December, A. D. 1823, in connection with the other proceedings of the overseers of the poor of *Barre*, are conclusive evidence, that the settlement of the paupers was in *Barre*. This last is the most important question in the case, and the only one on which the Court have had any doubts.

On the first question it will be only necessary to remark, that we cannot give to the warning the effect to prevent the paupers from gaining a settlement in *Morristown*, without overturning the numerous decisions which have been made on this subject, and without dispensing with the requisitions of the statute. The return does not state with whom, or where, in the house, the copy was left, and is manifestly bad, either as a return on a writ of summons, or on a warning under the statute then in force.

On the second question it will be sufficient to remark, that the proceedings of the overseers of the poor of *Barre* may be legal evidence, and, as such, may affect the interest of the town ; but are not conclusive : they are to be considered in connection with the other evidence, which may be produced. In like manner, relieving the pauper in *Morristown*, or taking him home when notified that he and his family were becoming chargeable, and supporting and maintaining them, for a long time, was evidence, that the pauper was settled in the town relieving. But if this was done under a mistake, as to the facts, or as to the law, and if it can be shown that the settlement of the pauper was not in the town whose overseers have supported him ; such proceedings are not, and ought not to be, conclusive upon the question of settlement. It may be further remarked, that it is not stated in this case,

WASHINGTON,
March,
1832.

Barre
vs.
Morristown.

that the overseers of the poor of *Barre* actually did relieve the paupers while residing in *Morristown*.

Since the argument the case has been amended by adding a vote of the town of *Barre*, passed in July, A. D. 1823. This vote does not make any difference in our views of this question. It conferred no additional power on the overseers, was probably passed at their request to sanction any course which they might think proper to take ; but did not by any means enable them to fix the settlement of the paupers in *Barre*, if they had none there before. It might authorize or justify them in pursuing, or in omitting to pursue, certain measures, the effect of which might have fixed the settlement in *Barre*. But the vote itself did not alter the character or nature of their proceedings ; and had no tendency in itself directly to alter or affect the settlement of the paupers.

On the last question, as to the effect of the order made by the justices of the peace of the county of Orleans, adjudging the settlement of Brigham to be in *Barre*, the Court are of opinion, that the order was not conclusive evidence that the settlement was in *Barre*.

An order or removal unappealed from is conclusive evidence of the settlement of a pauper in the town to which the removal is made. So is an order affirmed on appeal; and such order is not only conclusive between the towns who are parties thereto, but upon all other towns, on the question of settlement. This was decided in a case between *Manchester and Dorset*, 3 *Vt. Rep.* 370. An order of removal reversed on appeal is only conclusive between the parties to the order. To give an order of removal this effect, and to make it conclusive as to all the world, it must be executed ; that is, the pauper must be actually removed, unless prevented by sickness or death ; or the order must be perfected by giving legal notice of the same. When such actual removal is made,· the parish to which the removal is made has notice of the proceedings. Under the statute in England the justices do not order the pauper to remove himself, but direct the overseers of the poor of the parish, making the application, to remove the pauper, and, at the same time, to leave a copy of their proceedings with the overseers of the poor of the parish to which the removal is made.

In this state it is required, that an attested copy of every such order shall be left with the overseers of the poor of the town to which the removal is made, within thirty days after making the

Washington,
March,
1832.

Barre
vs.
Morristown.

order. This is not only for the purpose of giving notice to the town; but it also determines the term of the court to which an appeal is to be had. The appeal is to be taken to the term of the court holden next after notice of the order is given.

The leaving this copy is a positive requisition of the statute, and was undoubtedly so required on sufficient and adequate reasons; and it is not for us to say that it may be dispensed with, or that it is an unnecessary requirement. In the case of *Hartland* vs. *Williamstown*, 1 *Aiken*, 341, the Chief Justice, in giving the opinion of the Court, remarked, that he presumed " an order would not be conclusive upon the parish to which the pauper was removed without notice." This presumption is fortified by the whole current of authorities, and is founded on principles, which ought never to be departed from. In the same case he remarked, that the statute having made provision for giving notice in a particular way, notice in any other way would not be good. These remarks would lead us to think, that the opinion of the Chief Justice, in that case, was, that to make such order conclusive, notice of it must be given in the way pointed out by statute. And we in this case come to the conclusion, on examining the statute, that to make an order of removal conclusive, not only between the towns who are parties thereto, but also, as to all others, it must be perfected by giving the notice required by the statute, that is, by leaving a true and attested copy within thirty days after the order of removal is made.

The arguments which have been urged against the view of the case which we have taken, may deserve some consideration.

It has been said, that the proceedings of the town of *Barre*, and their overseers, and the other proceedings, amount to a waiver of the requisitions of the statute. To this it may be replied, that, if this requisition could be waived, the facts in this case would not amount to such waiver. But further, by no agreement of the parties can a proceeding, wholly imperfect and incomplete, be considered as complete; by no agreement can a parol contract be treated as a *specialty*; an opinion of individuals, as a judgement of a court; a judgement incomplete, and not perfected, as a judgement executed. If the overseers of the poor of *Barre* had received the paupers, without any order of removal, it could not be contended that this agreement was like an order of removal, conclusive upon the question of settlement as to all others. In only one case has it ever been intimated from the bench, that leaving the copy required by the fifth section of the statute of 1817, in

74

Washington,
March,
1832.

Barre
vs.
Morristown,
relation to the settlement of the poor, could be dispensed with. It has been intimated, that where an appeal was taken from the order before the expiration of the thirty days, the party taking such appeal could not object that such copy was not left. There may be some ground for this suggestion, as the appeal might be taken, and a decision had thereon, before the expiration of the thirty days. Whether this intimation is correct or not, is not material for us to say. It has been decided, however, that where the appeal was taken *after* the expiration of the thirty days, the omission to leave such copy was a defect, wich the party appealing might insist on, as an objection to the order ; and the proceedings, on that ground, would be quashed.—*Town of Georgia* vs. *Town of St. Albans*, 3 *Vt. Rep.* 42.

The proceedings of both these towns were evidently had under a mistaken view of their respective liabilities. It was believed that the paupers were settled in *Barre*, and under this belief the town of *Morristown* neglected to complete their order by leaving the copy required by the statute. The town of *Barre*, under the same belief, consented to receive the paupers without taking any appeal or without any actual removal. And it may as well be considered, as an abandonment of the order, on the part of *Morristown*, as to consider it a waiver on the part of *Barre* of the notice necessary to perfect the order.

If a town intends to prevent a person from gaining a settlement therein, they must pursue the statute made for this purpose in every essential particular, and not omit any of its provisions, relying upon any agreement, as supplying such omission. A town could not neglect to warn out a pauper, relying on an agreement express or implied on the part of another town, and insist that such agreement shall have the same effect as a warning. Nor can they neglect to do every thing required of them by statute to give validity to an order of removal, and insist, that such order shall have all the effect of a valid order.

The town of *Morristown* did not perfect their order of removal made in 1823, by giving the notice required ; and the order, therefore, cannot be received as conclusive evidence that the paupers were settled in *Barre*. The judgement of the county court must, therefore, be affirmed.

*Smith & Peck,* for *Barre.*

*Upham & Keith, & Merrill & Spaulding,* for *Morristown.*