HON. HOYT H. WHEELER,* ⎫
HON. HOMER E. ROYCE, ⎬ ASSISTANT JUDGES.
HON. JONATHAN ROSS, ⎭

---

## THE TOWN OF CASTLETON v. THE TOWN OF WEYBRIDGE.

### Service of Warning-out Process.

The service of a warning-out process, by leaving "a true and attested copy of the same lying on the table at the last and usual place of abode" of the person required to be warned, is not sufficient.

APPEAL from an order of removal of Florence Jones, a pauper, from the town of Castleton to the town of Weybridge. Plea, that the pauper was unduly removed, and trial by the court, September term, 1873, WHEELER, J., presiding.

On trial it appeared that the pauper had no home anywhere to which she had any right; that she came to Castleton with a pres-

---

* PECK, J., being absent, WHEELER, J., was present at the hearing of such cases as he could sit in.

ent intention of remaining there, and that she did remain there in pursuance of that intention, until removed by the order in this case ; that the pauper was married to one William J. Jones, at Hampton, in the state of New York, on the 29th day of January, 1870 ; that William Jones, the father of the husband of the pauper, resided in Weybridge, with his father, from 1811 to 1813, and became of age while residing there ; that in 1813, he moved with his father, to Shoreham, where he resided three years; that on the 15th of January, 1814, and within a year after he moved to Shoreham, the said William was warned to leave said town, under the statute of 1801,-by the following warning and service :

" STATE OF VERMONT, }    *To the Constable of Shoreham, in*
   ADDISON COUNTY, ss.  } *said county,*      GREETING :
" You are hereby commanded to summon William Jones, 5th, and family, now residing in Shoreham, to depart said town. Hereof fail not, but of this precept, with your doings hereon, make due return according to law.
" Given under our hands, at Shoreham, this 23d day of December, 1813.      ELISHA BASCOM,  }
                     EBN'R ATWOOD,  } *Selectmen.*"
                     HOPKINS-ROWLEY, }

" ADDISON COUNTY, ss. Shoreham, Jan. 15th, 1814. Then served this precept by leaving a true and attested copy of the same lying on the table at the last and usual place of abode of the within named William Jones, 5th, with my return hereon thereon endorsed."
       " Attest,                 S. H. JENISON, *Constable.*"
" Received and recorded 15th January, 1814.
       " Attest,                 EBEN'R BUSH, *Town Clerk.*"

Upon these facts, the court decided that the service of the warning was irregular, and of no effect to prevent the said William Jones from gaining a settlement in Shoreham; and rendered judgment that the pauper was unduly removed; to which the plaintiff excepted.

*Bromley & Clark*, for the plaintiff.

The only question in this case is as to the validity of the officer's return on the warning served upon William Jones, 5th, the father of the husband of the pauper. The 26th section of the judiciary

act, passed March 2, 1797, directs how the service shall be made. 1 Sts. (1808) 62. The court, by implication, in the case of *Castleton* v. *Clarendon*, Brayt. 181, decided that an officer's return precisely like the one in question, would be valid. Also in the case of *Pittsford* v. *Brandon*, Ib. 183 ; *Marvin* v. *Wilkins*, 1 Aik. 107 ; *Newton* v. *Adams*, 4 Vt. 437 ; *Barnet* v. *Concord*, Ib. 564 ; *Barre* v. *Morristown*, Ib. 574.

*J. W. Stewart*, for the defendant.

The sole question is as to the sufficiency of the officer's return, and arises under the second clause of section 26 of the judiciary act of 1797. The return does not show the absence of any person of sufficient discretion with whom a copy could be left ; and it does not show that a copy was left in "such situation" as the defendant would most likely receive it. Our courts, in a long course of decisions, have required a strict compliance with the requirements of the statute. *Castleton* v. *Clarendon*, Brayt. 181 ; *Marvin* v *Wilkins*, 1 Aik. 107 ; *Townsend* v. *Athens*, 1 Vt. 284 ; *Barnet* v. *Concord*, 4 Vt. 564 ; *Barre* v. *Morristown*, Ib. 574 ; *Wheelock* v. *Lyndon*, 6 Vt. 524.

The opinion of the court was delivered by

Ross, J. The court has invariably required a full and literal compliance with the statute in the service of warnings under the act of 1797. The town or towns to be affected by such warning, were not made parties thereto, and could only judge of the sufficiency of the warning and return, from what appeared of record in the town clerk's office of the town instituting the proceedings. The whole proceeding was *in invitum*, both as to the persons and towns to be affected thereby. The defeat of the acquirement of a settlement by warning, was a right conferred wholly by statutory proceedings, which must be strictly complied with, to secure to the town initiating the proceedings, that right. The warning must be served by the delivery of a true and attested copy thereof to the person or persons to be warned, with the officer's return thereon ; " or by leaving such copy at the house of his, her, or their usual abode, with some person of sufficient discretion then resident there-

in." "And if there be no such person with whom such officer can leave such copy, he shall then lodge the same at the house of his, her, or their then usual abode, in such situation as the defendant or defendants (the person or persons warned) will most probably receive it; and the manner of such service shall be particularly expressed in the return made by such officer." Judiciary act 1797, § 26. The right of the officer to adopt the third method of service, by leaving a copy at the house of the then usual abode of the person to be warned, depended upon his inability to serve it in either of the first two methods named. He was authorized to resort to the third method, only in case he could not make service by any of the other two methods. The officer's return must show every material fact necessary to show a complete legal service. *Reading* v. *Rockingham*, 2 Aik. 272; *Marvin* v. *Wilkins*, 1 Aik. 107; *Barre* v. *Morristown*, 4 Vt. 574; *Barnet* v. *Concord*, 4 Vt. 564. It would seem, therefore, to follow, that the officer must in his return state his inability to make service by either of the first two named methods, in order to make a service by him in the third method, lawful. The court has invariably refused to make any presumptions in favor of the legality of the service. Admitting all that appears in the officer's return set out in the exceptions, and William Jones, 5th, the person warned, might have been then residing at the place where the copy was left. The officer makes return that he left the copy "at the last and usual place of abode of the within named William Jones, 5th." If there is any presumption to be made, it is that William Jones, 5th, was then at his last and usual place of abode. The return also fails to show that no other person of sufficient discretion to receive the copy, was then resident therein, as the last and usual place of abode of William Jones, 5th. If it ought to be presumed that the officer lawfully had the right to resort to the third method of service, simply from the fact that he did resort to it, we think, then, he has failed to show by his return that he complied with the statute. The court will not presume from his statement, that he left the copy on the table, without stating where, at or in the last and usual place of abode, the table was, that it was left in such situation that William Jones, 5th, would most probably re-

ceive it. His return might be true, and he not be liable for a false return, and the table stand outside of the entrance door of said abode, or on the piazza (if said abode had a piazza), where the wind would carry it away as soon as it was laid there; or the table might have stood in the most secluded or exposed portion of the abode of William Jones, 5th, where he would not be liable to receive it. The statute required the officer to particularly express the manner of such service in the return, that the town to be affected, and the court before which such return might come, might judge whether the copy was left in such situation that the person warned would be most likely to receive it. The officer's return is clearly insufficient. The judgment of the county court is affirmed.