Town of Rupert *v.* Town of Sandgate.

An order of removal, of which due notice has been given, unappealed from, is conclusive of the settlement of the pauper therein ordered to be removed.

The mere fact that a child is not removed with the parents, on an order, is no evidence of emancipation.

*Quere,* Can the doctrine of emancipation of children be adopted, under our statute.

This was an appeal from an order for the removal of Sylvia White, a pauper, from the town of Rupert to the town of Sandgate, made on the 21st day of April, 1837. Plea—that the pauper was unduly removed, because the residence of the said pauper was not in the town of Sandgate, at the time of making said order of removal, and issue thereon was joined.

The appeal was entered in the county court, at the June term, 1837, and the issue was tried at the December term, 1837. At the last mentioned term of said court, the defendants moved to quash said order of removal, for the following reasons;

1. The justices who held the court of inquiry, and made the order, did not issue a warrant to bring said pauper before them, nor state any reason for not doing so.

2. Said justices did not examine said pauper, respecting her legal settlement.

The county court decided, that, as the motion was in the nature of a dilatory plea, it would not be sustained at so late a period, and overruled it.

Upon the trial of the issue, the plaintiffs read in evidence an order, made on the 31st day of December, 1829, to remove Timothy White, his family and effects, from the town of Rupert to the town of Sandgate, and proved, that the said Sylvia was the legitimate child of the said Timothy, and was then about sixteen years old, and that an attested copy of said order was left with the overseers of the poor of Sandgate, within thirty days from the time of making it, which said order was not appealed from. The plaintiff also read in evidence a warrant, issued by the justices who made said order, dated May, 6th, 1830, to remove said Timothy and his family and effects to the town of Sandgate, and it appeared, from the return of the constable who executed said warrant, that he had removed the said Timothy *and his wife* to said town of Sandgate.

There was no testimony tending to show that the said Sylvia was ever removed to said town of Sandgate, or had any settlement there, unless the order to remove Timothy White and his family, was evidence of her settlement in said town of Sandgate.

The county court decided, that the order to remove the said Sylvia was duly made, and that her legal settlement was in the town of Sandgate.

The defendants' excepted.

*Sargeant & Miner*, for defendants.

The statute requires the justices, making the order of removal, to issue their warrant to bring the supposed pauper or paupers before them, to be examined in the premises, as to their legal settlement, and ability to support themselves, which was omitted in this case.

The statute also says, that the justices shall examine the person so brought before them, on oath, touching his ability to support himself, and his last place of legal settlement.

The returns do not show, that the pauper in question, was so sworn or examined. Stat. 370.

The order of removal of Dec. 1829, was made against Timothy White and family, and said White and wife, were removed, under said order, in June, 1830,—and though it may be true, that a defective order, unappealed from, is conclusive as to those against whom it is made, or perhaps all who are actually removed under it, yet, we think it should

have no effect upon persons not mentioned in the order, and not removed.

The order against Timothy White was defective, and would have been bad, on an appeal. 2 Vt. R. 151. 1 Aik. 241.

The case does not show that Sylvia has ever resided with her parents. She doubtless lived abroad at the time of making the order, or she would have been removed with her parents.

There must be some restriction upon the statute, that legitimate children shall have the settlement of their parents. We think it could not apply to a child who had lived abroad from its infancy, till it had been out of its minority six years. 15 Com. Law R. 216. 10 do. 276.

In this case, Sylvia White lived in Rupert more than seven years after the order was made against her father, before the present order was made.

*Phineas Smith,* for plaintiffs.

I. The motion to quash was properly overruled. *Corinth* v. *Bradford,* 2 Aik. R. 120. *Bradford* v. *Corinth,* 1 do. 294.

II. The order of 1829, fixes the settlement of the pauper in Sandgate. *Dorset* v. *Manchester,* 3 Vt. R. 370. *Hartland* v. *Williamstown,* 1 Aik. R. 251. *Newbury* v. *Brunswick,* 2 Vt. R. 151.

The opinion of the court was delivered by

Collamer, J.—In this cause, at the second term, a motion to quash was interposed. This was overruled as out of time. Most undoubtedly this was a dilatory plea, and the county court must make and enforce their own rules, as to the *time* of pleading. Had the court entertained the motion, it could not have been assigned for error, that it was done out of time ; for the court may, in their discretion, dispense with their *rules ;* and *e converso,* if the court reject the plea, as out of the time fixed by their rules, it is no error in law.

On the trial of the plea, that the pauper was unduly removed, for that her residence was not in Sandgate, it appeared that the pauper, Sylvia, was about twenty four years old, and therefore, could not have gained a settlement, under our statute, in her own right, after she became of age. Her

settlement there depended on the settlement of her father, Timothy White. To prove his settlement, it was shown that an order of removal of said Timothy, from Rupert to Sandgate, was made in December, 1829, and a copy thereof was duly served on Sandgate, within thirty days, and no appeal taken. This conclusively establishes, that he then had his legal settlement in Sandgate; and the defendant shows no subsequent settlement gained by him elsewhere. This fixes Sylvia's *derivative settlement.* Not that the order on Timothy White had any *direct* effect as to any of the family, not named therein; but it is conclusive as to *his settlement,* and has the same effect as if his settlement had been shown by any other proof. The mere fact that she was not removed with the rest of Timothy White's family, on the order of 1829, is, alone, no proof of *emancipation;* even if that principle can be recognized under our statute.

Judgment affirmed.