Town of Braintree *v.* Town of Westford, Appellants.

The decision in *Strafford* v. *Hartland,* 2 Vt. 565, has the same force and au- thority under the Revised Statutes, that it possessed under the statutes under which the decision was made.

Under the Revised Statutes the appeal from an order of removal of a pauper must be taken to the term of the county court next succeeding the time when notice of the order is given to the defendant town, as required by the statute; and if not so taken, the settlement of the pauper becomes conclu- sively fixed by the order.

An appeal from a warrant of removal of a pauper cannot be allowed, when the order, upon which the warrant issued, has been acquiesced in, by neglecting to enter an appeal from it at the term required by statute, and it has thus become no longer open to litigation.

Appeal from a warrant for the removal of certain paupers.

The appeal was taken to the December Term, 1842, of Orange county court, and at that term the plaintiffs appeared, and moved to dismiss the appeal, assigning, as cause, that the *order of removal,* in the case, was made on the 12th day of May, 1842, and that a true copy of the order, certified and attested by the justices making the same, was left with the then overseer of the poor of said town of Westford "within thirty days next after the making of the order, to wit, on the 30th day of May, 1842, and long before a term of

this court holden at Chelsea, within and for the county of Orange, on the third Tuesday of June, 1842, to which term of said court an appeal in this case might and should have been taken, as said pauper was not removed under said order until the 11th day of June, 1842." To this motion the defendants demurred. The county court dismissed the appeal; to which decision the defendants excepted.

***L. B. Vilas*** for defendants.

If this court sustain the decision of the county court, they must, in direct terms, repeal the statute. Rev. Statute, page 103, § 8. The statute allows an appeal from the warrant, as much as from the order. The court might as well deny the one as the other. The defendants, in this case, were not aggrieved by the order, but by the warrant.

But we contend that the appeal was in season for the order and warrant. The case of *Strafford* v. *Hartland*, 2 Vt. 565, was decided under the statute of 1817. The court say, that, under the statute of 1797, the appeal should be taken to the next term *after the actual removal;* the Revised Statutes are in the precise words of the statute of 1797, and do not contain the words "next after notice," which are found in the statute of 1817. Hence we say that this case is an authority against the decision of the County Court, instead of being in its favor.

***J. P. Kidder*** for plaintiffs.

The order having been served in *May*, the appeal should have been taken to the June Term of 1842;—and it having been neglected until the Dec. Term of the same year, the court did not err in dismissing the appeal. Rev. St., ch. 16, § 8. The fixing the pauper on the defendants by an order of removal and notice is a sufficient aggrievance to entitle them to an appeal. *Strafford* v. *Hartland,* 2 Vt. 565, and cases there cited. The same phraseology, "order, or warrant, of removal," in the repealed statute, under which the decision in *Strafford* v. *Hartland,* was made (Sl. Stat. 371, § 6,) is in the Revised Statute, which governs this case.

Braintree *v.* Westford.

The opinion of the court was delivered by

ROYCE, J. The question now presented is the same which was decided in *Strafford* v. *Hartland*, 2 Vt. 565. That case must, consequently, govern the present, unless the question has since become affected by a change of statutes.

Prior to the act of 1817 it was not contemplated that an appeal would be taken until after an actual removal of the pauper, as no means were then provided for giving notice to the defendant town, except by executing the warrant of removal. Accordingly the act of 1797, in authorising an appeal "to the county court, next to be holden " &c., was always understood to mean the term of the court next after the removal was actually made. The additional act of 1817 directed that all appeals from orders of removal should be taken to the Supreme court, and to the term thereof to be holden in the same county " next after notice of said order shall be given to the adverse party." It was also required, by a subsequent section of the act, that an attested copy of the order of removal should be left with some overseer of the town, to which the removal was ordered, within thirty days after the making of such order. By the judiciary act of 1824 the county courts were again invested with appellate jurisdiction in all pauper cases. The case then arose, which has been referred to. The facts were precisely similar to those in the present case, and it was decided, upon full argument and consideration, that the appeal could not be sustained.

It will be borne in mind that the act of 1817 spoke only of an appeal from the order of removal; so that, had the right existed to appeal from the warrant of removal alone, that right was not affected by the act, and such an appeal might still have been taken to the county court. And the same right must have continued, after the entire appellate jurisdiction was restored to the county courts by the act of 1824. But all this is fully denied in the case cited, by which it was settled, that, as the statutes then stood, the settlement of the pauper was conclusively fixed by the order of removal, when that had been notified to the defendant town according to the statute, and no appeal had been taken as therein limited; and that no right was given to appeal from the warrant of removal, after the order had thus become final and unalterable.

That determination was manifestly in accordance with principle and analogy. The legitimate purpose of an appeal is to revise some decision of the inferior tribunal, and not merely to correct abuses in the execution of their sentence, or judgment. It is true, that, when the appeal has been taken in season to try the validity of the order, such subsequent irregularities have been examined upon a motion to quash, as in *Barnet* v. *Concord*, 4 Vt. 564. But this does not prove that they ever constitute, of themselves, a sufficient ground of appeal. It is otherwise with those which precede the order, since they tend to impeach its validity.

Such being the settled construction under the former statutes, it is clear that no change has been effected by the late Revision. The 8th section of the present statute enacts, like that of 1797, "That, if any overseer shall think himself aggrieved by any order, or warrant, of removal, he may appeal therefrom," &c. And the 11th section requires a copy of the order to be left, as directed by the act of 1817. The term of the court, to which the appeal must be taken, is at present only designated, as in the act of 1797, by the word "next," which is not made expressly to refer to the time of giving notice of the order, as it was by the act of 1817. But since we are neither to treat the requirement in the 11th section as useless and nugatory, nor to suppose that two opportunities for taking an appeal in the same case were intended to be given, the word "*next*" must here be understood with the same reference which was expressed in the act of 1817. The decision in *Strafford* v. *Hartland*, has, therefore, the same force and authority under the present statute, that it possessed under those which were superseded by it. The conclusion is, that the appeal in this instance, being from the warrant of removal, when the previous order was no longer open to litigation, was unauthorised by law, and was properly dismissed.

Judgment affirmed.