## Town of Marshfield *v.* Town of Calais, Appellants.

Where an order of removal of a pauper was made by two justices, and no removal in fact was ever made, nor any copy of the order left within thirty days after making the same, as required by statute, but the town procuring the order took out a warrant in pursuance of the order, and delivered the same to their constable, who made service thereof, after the expiration of the thirty days, by delivering a copy thereof to the overseer of the poor of the town to which the pauper was ordered to be removed, it was held that the latter town might take an appeal from the order to the term of the county court to be holden next after the service of the warrant upon them.

In such case, the appeal having been entered in court, the order was quashed on motion of the appellants.

APPEAL from an order of removal of certain paupers, made Feb. 21, 1843, by two justices, pursuant to the statute.

The appeal having been duly entered in court, the appellees filed a motion to dismiss the same, assigning as a reason that, though true it was that the order was made Feb. 21, 1843, yet that the paupers named in the order of removal had never been in fact re-

moved, and no copy of the order of removal had ever been delivered to any overseer of the poor of the town of Calais, but that the order " had been suffered to die a natural death."

The appellants filed a motion that the order of removal be quashed, assigning as a reason that the paupers had never been in fact removed, and that no copy of the order of removal was delivered to the overseer of the poor of the town of Calais within thirty days after making the order.

On the trial upon the motions, it appeared that the justices, who made the order of removal, made out a warrant for the execution of the same, and delivered it to the constable of Marshfield, who made service of the warrant on the 21st day of March, 1843, by delivering to the overseer of the poor of Calais a copy of the warrant, with his return thereon, duly attested by him. The paupers were not in fact removed, nor was any copy of the order of removal delivered to the overseer of the poor of Calais. The appeal was taken April 6, 1843.

The county court refused to quash the order of removal, as prayed for by the appellants, but dismissed the appeal, as prayed for by the appellees. Exceptions by appellants.

*O. H. Smith* for appellants.

It is insisted that the service of the warrant, though defective, was a sufficient notice to the overseer of Calais to authorize him to take an appeal for the purpose of having the order of removal vacated. It is possible that he might have been safe in omitting to take an appeal, but the question is, was he bound to treat the proceeding as a nullity? An order of removal, being a judicial act, is not absolutely void, but voidable only, and continues to be an order until it is avoided. *Hall* v. *Biggs*, 2 Salk. 674. *Rex* v. *Stotfold*, 4 T. R. 596.

It is not denied that the overseer of the poor, in the exercise of his duties, can omit to procure an order, or may neglect ever to execute it, or to give notice thereof, and so permit it to expire. But the question in this case is, has he so done? He has procured an order to be made, and caused a warrant to be issued thereon, and put the same into the hands of the proper officer, and the officer has made a partial service of the same.

Marshfield *v.* Calais.

The statute, in effect, directs that the appeal shall be taken to the next term of the court after notice; and it is true that if no notice is given, there can be no appeal regularly taken to any term of the court. In the present case an irregular service of the warrant has been made, and notice thereby given of the order, which might be considered analagous to the service of an attachment as a summons, and perhaps might be good, were it not for the latter clause of the 11th section of the statute. [Rev. Stat. 103.] And see *Hartland* v. *Williamstown*, 1 Aik. 241.

The only safe rule, to adopt in relation to an order of removal, is, when it is made and no notice is given, it thereby becomes inoperative; but when notice is given by delivering a copy of the order, or warrant, the party seeking to avail himself of any irregularity must take an appeal, and file his motion to quash the proceedings, or be forever bound thereby.

*J. A. Wing* for appellees.

One question, only, is presented in this case. Can an appeal be taken from an order of removal, when there is no removal in fact, and no copy of the order is left, according to the provisions of the statute, within thirty days after making the order? See Acts of 1842, p. 87. *Hartland* v. *Williamstown*, 1 Aik. 241. *Georgia* v. *St. Albans*, 3 Vt. 42. *Bradford* v. *Corinth*, 1 Aik. 290. To make an order of removal conclusive on a town, the notice required by the statute must be given, and in the manner pointed out by the statute, and in no other manner. And if the town does not remove the pauper, or leave the copies required, it may well be considered a waiver, or abandonment, of the order. *Barre* v. *Morristown*, 4 Vt. 574. *Barnet* v. *Concord*, 4 Vt. 564. *Pawlet* v. *North Hero*, 8 Vt. 196.

It may be said that the constable left a copy of the warrant of removal with the overseer of Calais. This amounts to nothing, as it is not required by statute, and amounts to no notice.

The opinion of the court was delivered by

WILLIAMS, Ch. J. In this case the town of Calais appealed, and two motions are before us,—one to dismiss the appeal, the other to quash the order. The order of removal is the adjudication of the

justices, determining the settlement of the pauper, which, if unappealed from, is conclusive as to the settlement. Something farther, however, is requisite on the part of the town making the order; they must cause the same to be executed. They are also required to cause a true and attested copy of the order to be left with the overseer of the poor of the town, to which the removal is to be made, within thirty days after the order is made, unless the pauper is actually removed within that time. This copy is to be attested by the court who made the order, and, as there is no way prescribed by which the evidence of leaving the copy is to be preserved, whenever that fact comes in question, it must be proved by the same kind of testimony by which other facts are to be proved. Whenever, therefore, this question became one of any importance, the town of Calais would have to remain prepared to meet any evidence of that kind which might be presented. The execution of an order by the actual removal may be prevented in a variety of ways,—as by the death, or absconding, of the pauper.

In the case before us, as there was no actual removal, and no other copy left than the one mentioned in the bill of exceptions, the town of Marshfield allege that the order, to use the language of the motion, "died a natural death." It may not be necessary to inquire what would have been the effect of their proceedings, if no appeal had been taken. It is evident that the town of Marshfield intended to complete them, by taking out the warrant and causing a copy of that to be left with the overseer of the poor of the town of Calais; and we are aware that it has been considered by some that this was a compliance with the requirements of the eleventh section of chapter 16 of the Revised Statutes. If this order had been completed by leaving the copy required by the statute, notwithstanding no removal was in fact made, the settlement of the paupers and their children would have been fixed and adjudged to be in Calais in all future litigations on this subject.

The town of Marshfield did not abandon the order, but, on the contrary, endeavored to perfect it by taking out a regular warrant of removal, and causing their constable to leave a copy of the warrant within thirty days from the time of making the order. It is not for them to say that they meant nothing by this proceeding, or that their proceedings are all void and of none effect. The town of

76

Calais were under no obligation to decide for themselves that these proceedings were irregular, or to run the hazard of meeting such evidence as might be brought hereafter. From the frail nature of human testimony, and the uncertain recollection of witnesses, they run some considerable risk of hereafter meeting testimony to prove that such a copy was left, as is required by the eleventh section of the statute aforesaid.

As there was no abandonment of the order by the town of Marshfield, no notice to the other town that they did not mean to rely upon the same, no reason given why the constable did not leave the paupers as well as a copy of his warrant, when he attempted to serve the same, the overseers of the poor of Calais might reasonably "think themselves aggrieved," and, out of abundant caution, take out an appeal, for the purpose of having the order of removal quashed, that it might never thereafter appear to their injury ; and we apprehend it is not for the town of Marshfield to say that their own proceedings are void, and that they have failed of accomplishing what they intended.

There is a case in 13 East 51, *Rex* v. *Inhabitants of St Mary-lebone,* somewhat analogous to this, though under a different statute, where the court of King's Bench sustained an appeal under circumstances very similar.

The judgment of the county court is therefore reversed and the order of removal quashed.

HEBARD, J., Dissenting. I am unable to agree with the majority of the court, in the conclusion to which they have arrived. The question may not be of great *practical* importance, still, in point of *principle,* it is important that the symmetry of the law should be preserved in this case, as well as in those of more magnitude. And, although it is to be presumed that I am wrong in my views, from the fact that I differ from the majority of the court, I propose to state some of the grounds of my opinion.

This case came to the county court by appeal, and, for the purpose of determining whether the appeal should have been entertained, it is necessary to examine into the nature and object of an appeal, and then see from what this appeal was taken.

The provisions of the statute in relation to paupers, and their re-

moval, are *unique* in themselves, and are not very analogous to those which relate to the ordinary proceedings of suits between parties. The whole proceedings in their inception are *ex parte*, and so continue till after the order of removal is made ; and the order, when made, has no binding force upon the town to which the pauper is ordered to be removed, until the town making the order has brought the knowledge of their proceedings home to such town, in the manner provided by statute.

The statute requires that a copy of the order of removal shall be left with the overseer of the poor of the town to which the pauper is ordered to remove, within thirty days after making the order, unless the pauper is removed in that time. Until this is done, the other town is no party to the proceedings, and is no way legally affected by them. When this copy of the order is thus served, or when the pauper is actually removed, process may be said to have been commenced, and the other town then becomes an *antagonist* party, and from that time is required to take notice of all the proceedings. When the other town is thus made a party, if the overseer feels himself aggrieved, an appeal is allowed, and the time is fixed by law in which the appeal is to be taken. The appeal is not from the making the order, but from the execution of it. If the order was in the nature of a judgment, from which the appeal is to be taken, then it would follow that in every case the appeal must be taken to the county court next to be holden after the making of the order. But that is not the meaning of the statute ; and we have decided in the case of *Dorset* v. *Rutland*, on the present circuit, [*ante*, page 419,] that the appeal is to be taken to the county court next to be holden after the order is served upon the town, as the statute requires, or to the county court next after the pauper is actually removed, in case the order is not served as required by the statute. In that case it was held that Rutland was not required to take their appeal until the order was *legally* served, or until the pauper was actually removed. And that, until the pauper was actually removed, or the order *legally served*, there was nothing from which to appeal. That is the predicament in which this case seems to be placed. The pauper was not removed, nor was the order of removal legally served upon the town of Calais,—and therefore by the authority of *Dorset* v. *Rutland* "there was nothing from which to appeal ;" and

if there is nothing from which to appeal, it is difficult for me to understand upon what principle an appeal, if taken, can be sustained. It would seem to me that we might as well hold that a party in an ordinary suit at law, before a justice, might at any time, after the issuing the writ, take his appeal in anticipation that a judgment might be rendered against him, as to hold that a town, before being made a party to the proceedings, may have an appeal in *anticipation* that such proceedings may, at some future time, be served, and thus the town be made a party. The *pretended service* of this warrant was a nullity,—it was nothing required by law. If what was done had been something required by law, and was done irregularly, it would be another affair. All that was done was entirely superfluous.

To allow a town to appeal, or not, in a case in which no liability is to be avoided by the appeal, and no rights to be affected by it, and when the parties would stand precisely in the same relation to each other without the appeal as with it, looks to me like converting the law into a mere plaything.

An appeal should be *required* in order to avoid the effect of the order, or it should not *be allowed.* As nothing had been done by the town of Marshfield, under the order, which could legally affect the town of Calais, there was nothing from which to appeal, and I therefore come to the conclusion that the county court judged correctly in dismissing the appeal.