## TOWN OF LANDGROVE *v*. TOWN OF PAWLET.

If a copy of the order of removal of a pauper is not left with the overseer of the poor of the town, to which the pauper is ordered to be removed, within thirty days after the making such order, as required by section eleven of chapter sixteen of the Revised Statutes, an appeal may be taken to the term of the county court next subsequent to the service of the warrant of removal, and will be in season for the purpose of litigating, as well the question of settlement, as all other questions, that could legitimately arise.

And the effect of the appeal will be the same, although it may, in its terms, as taken, purport to be an appeal from the *warrant* of removal.

IN this case two justices of the peace made an order on the third day of April, 1843, pursuant to the provisions of the statute, that one Rhoda Comstock, a pauper, remove, with her family and effects,

from the town of Landgrove to the town of Pawlet on or before the fifteenth day of April, 1843. On the fourteenth day of January, 1845, a warrant of removal was issued, and the pauper was removed on the twenty fourth day of January, 1845. On the eleventh day of March, 1845, the overseers of the poor of the town of Pawlet prayed, that an appeal might be allowed them "from the aforesaid warrant of removal" to the county court then next to be held in the county of Bennington, which appeal was duly granted. At that term the plaintiffs moved to dismiss the appeal, alleging that a true and attested copy of the order of removal was left with the overseer of the poor of the town of Pawlet within thirty days after the making of the order, and that therefore the appeal should have been taken to the term of the county court next subsequent to the time of leaving such copy. The defendants replied, that a true and attested copy of the order of removal was not left, as alleged in the motion to dismiss, and that the pauper was not removed within thirty days from the time the order was made, and that the defendants had no legal notice of the order, until the twenty fourth day of January, 1845, when the pauper was in fact removed. Issue was joined ; and the county court,—WILLIAMS, Ch. J., presiding,—on inspection of the papers, dismissed the appeal. There was no evidence on the face of the papers, that any copy of the order of removal was left, as alleged in the motion to dismiss. Exceptions by defendants.

*D. Roberts, Jr.*, and *G. W. Harmon* for defendants.

If the appeal, taken in this suit, can be regarded as an appeal *of the case*, then the facts, set forth in the defendant's plea to the plaintiffs' written motion to dismiss the appeal, are a perfect answer to that motion ; for an appeal must be in due time, which is taken to the term of court next after notice of the existence of the subject appealed from. *Dorset* v. *Rutland*, 16 Vt. 419.

But it is objected, that the appeal here taken is in terms from the warrant, instead of the order of removal, and that an appeal so taken does not bring up the case, for that an appeal does not lie from a warrant. It is true, that, in case the time fixed by the statute for taking an appeal from the order has elapsed without an appeal taken, (due notice of the order having been given,) the pauper's settlement becomes thereby fixed, and, consequently, no appeal lies

from the warrant, (*Braintree* v. *Westford,* 17 Vt. 141,) nor from the order (*Strafford* v. *Hartland,* 2 Vt. 565,) and herein the order and warrant stand upon like ground. We infer, that, in certain cases, an appeal may be taken from a warrant. 1. From the language of the statute. This gives an appeal from the warrant in terms. 2. From the reason of the thing.

The case of *Braintree* v. *Westford* is in harmony with these views. The point decided is undoubtedly well founded,—that an appeal from a warrant does not lie, *after* the day for an appeal from the order has passed,—a decision expressed in language cautiously guarded against misapplication here. But it would seem, inasmuch as irregularities, in the proceedings subsequent to the order, may be examined on a motion to quash,—as in *Barnet* v. *Concord,* 4 Vt. 564,—and inasmuch as the order, though perfect in itself, may be quashed for such subsequent irregularity, that such irregularities constitute, " of themselves, a sufficient *ground* of appeal," provided the time for appealing had not passed by ; but, in taking the appeal on the ground of such irregularity, the language of the statute should, of course, be used ; and so it would not follow, in such cases, that the special ground of the appeal should be specifically named.

An appeal, in this case, lying from the *order,* the objection to this appeal is purely verbal. But we use here the language of the statute. Whatever its meaning there, the same is our meaning here. If in any case an appeal can lie from the warrant, strictly and accurately speaking, it must lie in a case like the present. But if, by looseness of phrase, an appeal from the warrant is used as synonymous with an appeal from the order, then, having appealed from the warrrant, it is an appeal from the order, and the whole case is here. It is enough, if we are as technical and precise as the statute.

*Miner & Burton* for plaintiffs.

The statute does not authorize an appeal from a warrant of removal. The eighth section of chapter sixteen of the Revised Statutes, provides, that, " if any overseer shall think himself aggrieved, by any order or warrant of removal, he may appeal therefrom to the county court next to be holden within and for the county in which such order was made." If he is dissatisfied with the *order* or *warrant* he may appeal, not from the warrant, but from the judg-

ment of the magistrates making the order and issuing the warrant, as all other appeals are taken. But it is said, why insert the words " order or warrant " in the statute ? We answer, it is provided in the eleventh section, that, unless the pauper is actually removed within thirty days after the order is made, a copy of the order must be left with an overseer of the town, to which the pauper was ordered to remove ; but when the pauper is actually removed it is provided by section five, that a copy of the warrant only is to be left ;—a copy of the order operating as notice in the one case, and a copy of the warrant in the other.

The case of *Braintree* v. *Westford,* 17 Vt. 141, is conclusive on this point. The naked question there decided is, that an appeal cannot be taken from a warrant of removal. *Strafford* v. *Hartland,* 2 Vt. 565. So far as this question is concerned, it is unimportant, whether a copy of the order was left within thirty days, or not ; for if the statute expressly allows an appeal to the next term of the court after the warrant was executed, the decision in *Braintree* v. *Westford* was wrong ; and if it does *not,* then this appeal cannot be sustained.

The opinion of the court was delivered by

ROYCE, J. The present is a different case from those of *Strafford* v. *Hartland,* 2 Vt. 565, and *Braintree* v. *Westford,* 17 Vt. 141. In each of those cases a copy of the order, attested by the justices, had been delivered to the overseers of the appellant town within the thirty days prescribed by statute, and a subsequent term of the county court had passed, before the appeal was taken. In this instance we are not to assume, that such a copy of the order had been delivered, or that any notice of the order was received by the appellants, until the warrant of removal was executed. For the present purpose the intendment must be the other way. And in such a state of the case, the right of the appellants to take an appeal would not be affected by the eleventh section of the statute, and might be exercised without restriction, as given by the eighth section. For aught that appears, then, this appeal was taken in time to litigate, as well the question of settlement, as all other questions, that could legitimately arise. Whether the proceedings may be obnoxious to a motion to quash, or to a plea for the like purpose, if

Landgrove *v.* Pawlet.

the eleventh section was not in fact complied with, is a question not now before us. We have only to determine, whether, under the circumstances in which the case is at present to be regarded, an appeal professedly taken from the warrant of removal, without mention of the previous order, was authorised by the statute.

It will be recollected, that the terms, in which the right of appeal was given by the statute of 1797, are repeated, without material variation, in the eighth section of the present statute. The words are,—"If any overseer shall think himself aggrieved by any order or warrant of removal, he may appeal therefrom to the county court next to be holden within and for the county," &c. When this language was first used, there was no provision for giving notice of the order by itself; the only way, in which legal notice could be served upon the defendant town, was by making the removal, and by leaving a copy of the warrant, attested by the officer. It was then requisite, as it still is, that the warrant should recite the adjudication of the magistrates and the order of removal. Slade's Stat. 325. Rev. St. 501. Upon being served with notice in this manner, the defendant town was entitled to take an appeal, for the trial of every proper question in the case. And although the order and warrant are put by the statute in the disjunctive, so that either may be alleged as a grievance inducing the appeal, yet we consider, that the object was to authorise a general appeal in both cases. It is only necessary, that it be taken in time to confer upon the appellate court the power to revise the adjudication and order of the justices. In the two cases cited this power could not be exercised, because the orders had not been seasonably appealed from, and had thus become final and conclusive. But since the present appeal is apparently in time for every purpose authorised by law, we think it was improperly dismissed.

Judgment reversed and cause remanded to the county court.