## Town of Landgrove v. Town of Pawlet.

An order of removal of a pauper, "his family and effects," will not be quashed, although it appear, that he had at the time a wife and minor children, who were removed with him by the officer executing the warrant of removal.

Appeal from an order, made by two justices of the peace, pursuant to the statute, directing that one Eseck Comstock, a pauper, remove, "with his family and effects," from Landgrove to Pawlet. The defendants filed a motion to quash the order as to the "family" of the pauper,—alleging that he had a family, at the time the order was made, consisting of his wife and five minor children, and that they were removed with him by the officer executing the warrant of removal. To this motion the plaintiffs demurred. The county court, December Term, 1845,—Williams, Ch. J., presiding,—sustained the motion, and quashed the order as to the wife and children of the pauper. Exceptions by plaintiffs.

The defendants then pleaded, that the place of the last legal settlement of the pauper was not in Pawlet; and upon this plea issue was joined, and was found for the defendants, June Term, 1846,—Williams, Ch. J., presiding. The defendants then moved the court

to assess damages to Pawlet, for keeping the wife and children of the pauper from the time they were removed under the order against the pauper to the time of final trial ; to which the plaintiffs objected. But the court decided, that the plaintiffs were liable for the support of the wife and children of the pauper, to the time when the order was quashed; and directed the clerk to assess damages to Pawlet for supporting them to that time. To which decision the plaintiffs excepted.

*Miner & Burton*, for plaintiffs, relied upon *Burlington* v. *Essex*, 19 Vt. 91.

*G. W. Harmon* and *D. Roberts, Jr.*, for defendants, cited *Bristol* v. *Braintree*, 10 Vt. 203 ; *Hartland* v. *Williamstown*, 1 A ik. 241; *Newbury* v. *Brunswick*, 2 Vt. 151; Str. 144; 2 Salk. 482; Ib. 485 ; 3 Ib. 260; Carth. 449; Cowp. 86; 12 Mod. 398.

The opinion of the court was delivered by

KELLOGG, J. The question raised for the consideration of this court is, whether the decision of the county court, quashing the order of removal, is sustainable ? The case of *Hartland* v. *Williamstown*, 1 Aik. 241, is relied upon as sustaining the decision. The question in that case involved the validity of an order of removal, made by two justices in May, 1817, ordering the removal of the pauper, and his *family and effects*, from Williamstown to Hartland, which was not appealed from and was offered as evidence in the case then on trial. This evidence was excluded by the county court, and for this cause the judgment of that court was reversed. It was insisted, that the order was *void;* but the supreme court held otherwise, and decided that the evidence should have been received. It is true, that the judge, in delivering the opinion of the court, says, that, on appeals from orders of removal, when the order and warrant are to remove "the pauper and family," the orders have been quashed, and that these decisions, though recent, are to be regarded as correct. He farther remarks, that the officer, who is charged with the execution of the warrant of removal, has no certain means of knowing, nor is he a suitable person to decide, what persons of the family ought to be removed ; that the justices ought to decide and

name, in the order and warrant, all the persons to be removed. These remarks, however, are but the *dicta* of the individual judge, and do not constitute the judgment of the court, and consequently have not the force of authority. They are entitled to the respect due to the opinion of an eminent jurist. The only point decided in the case was, that the order and warrant of removal of Badger and his *family* and effects, made May 28, 1817, were not void. This case, therefore, we think, does not necessarily control the case at bar.

The case of *Bristol* v. *Braintree*, 10 Vt. 203, is also relied upon by the defendants. In that case the order of removal was made in conformity to the form prescribed by statute, and was like the order of removal in the case at bar. Upon the case coming into the county court, a motion was made to quash, upon the ground that the names of the members of the pauper's family were not inserted in the order. The county court overruled the motion; and the supreme court affirmed their decision. The late chief justice, in delivering the opinion of the court, says, " The statute neither in its enactments nor forms requires that the names of the family should be inserted in the complaint, order, or warrant of removal. The third section contemplates a proceeding only against the pauper. The form is general,—to remove the pauper with his family and effects,—and we can see no more difficulty in executing the warrant by removing the family without their being named, than in removing their effects, when not particularized." He farther remarks, " If, however, the order is bad on this account, as it respects the family, it should only have been quashed as to the family, and would have been good as to the pauper, and should have been affirmed as to him." And farther, " To avail themselves of this objection, the defendants should have made it appear, that the pauper had a family; and the motion should have been to quash the order as to the family," &c. In that case it did not appear, that the pauper had a family; and therefore, if the order was bad for not having designated the members of the family, it could not avail the defendants. It is apparent, from an examination of the case, that the court did not decide the question, which is raised in the case at bar.

But it is hardly possible to read the opinion of the court in *Bristol* v. *Braintree*, without perceiving that Judge WILLIAMS was of

opinion, that it was no objection to an order or warrant of removal, that the names of the family were not inserted therein. And so far as we know, such might have been the opinion of the court. What is said respecting the quashing an order, which does not particularize the names of the family, is said hypothetically,—" *If the order was bad on that account.*" The case, then, of *Bristol* v. *Braintree,* so far from being any authority for the defendants, is an authority for the plaintiffs.

The case of *Newbury* v. *Brunswick,* 2 Vt. 151, was this. An order of removal of " N. P. Harriman, his family and effects, from Newbury to Brunswick," was made. The order did not name the members of the family ; and for this cause a motion was made in the county court to quash the order. The county court quashed the order as to the family, to which decision exceptions were taken. The family consisted of Harriman's wife and their four minor children. The supreme court affirmed the decision of the county court. Judge PADDOCK, who delivered the opinion of the court, says, "As it respects the decision of the county court, in quashing so much of the proceedings in the case as relates to the *family* of Harriman, the pauper, the court were correct. The family ought not to have been named, either in the complaint of the overseer, in the warrant to bring Harriman before the justices, or in the order of removal ; and if they were, it was surplusage, and it was well to have it expunged from the record. But it will be seen, by looking at the act upon which the prosecution is founded, that the warrant of removal directs the officer to remove and transport the pauper, with his or her family and effects. That which is meant in the act by " family " are those, and those only, for whose support the law obliges a person, whether male or female, to provide; so that no proceedure under the statute is intended, nor can it have the effect to divide and break up families; but on the contrary the town, which is bound to support the principal head of the family, is bound to support those, who have their residence with such principal."

Here it is worthy of remark, that the court *sustain* the decision of the county court, upon the ground that the decision, in quashing so much of the proceedings as related to the family, was but quashing that which was *surplusage,* and for that reason ought to be expunged from the record ;—that an order for the removal of the pau-

Landgrove *v.* Pawlet.

per was in legal effect an order for the removal of his *wife* and *minor children*, or those whom he was bound to maintain. If, then, this case were an authority for the ruling of the county court, in quashing so much of the order and warrant of removal as related to the family, it will not, I apprehend, be claimed as an authority for the subsequent act of the court, in awarding damages to the defendant town for the support of the pauper's wife. There can be no doubt, but what the wife and minor children of Comstock took his settlement; and if that were in Pawlet, theirs was there also.

There is nothing in the case above referred to, sustaining the decision of the county court, except the *obiter dicta* of the judge, who delivered the opinion of the court in *Hartland* v. *Williamstown;* and those remarks not being called for by the case then before the court, we cannot regard it as an authority to control the present case. But the question still remains, was it necessary, to justify the removal of the wife and minor children, that their names should have been inserted in the order and warrant of removal? So the county court appear to have considered,—but, as we think, erroneously. As was remarked by the late Chief Justice WILLIAMS, in *Bristol* v. *Braintree,* " The statute neither in its enactments nor form requires, that the names of the family should be inserted in the complaint, order, or warrant of removal." " The form of the order is general,—to remove the pauper, with his family and effects; and we can see no more difficulty in executing the warrant by removing the family without their being named, than in removing their effects without their being particularized." With this view of the law we are entirely satisfied. The insertion of the word " family " in the order and warrant of removal is but a compliance with the forms prescribed by law; and if it were not for that, it would be entirely unnecessary to insert it. The wife and children take a derivative settlement from the husband and father; and the order for *his* removal necessarily carries with it, as incident thereto, that of his *wife* and *minor* children,—for they cannot be separated.

It is somewhat surprising, that it should ever have been thought necessary to quash a proceeding like the present, which is made in strict and literal conformity to the forms prescribed by statute. The question, however, has recently received the consideration of the court in the case of *Burlington* v. *Essex,* 19 Vt. 91. In that

40

Landgrove *v.* Pawlet.

case a question was made, almost identical with the one at bar; the motion to quash was overruled by the county court; and that decision was affirmed by the supreme court.   Since the hearing of this case, those members of the court, who were not present at the hearing, have been consulted; and we are authorized to say, that the entire court approve of this decision.

The result is, that there is error in the judgment of the county court, quashing the order and warrant of removal as to the wife and minor children of the said Eseck Comstock, and the same is reversed; and the clerk of this court will farther enter, that the motion to quash the said order of removal is *overruled, and* that the said paupers were duly removed.