Hon. PIERPOINT ISHAM, ⎫
Hon. MILO L. BENNETT, ⎭ Assistant Judges.

————

## The Town of Stowe *v.* The Town of Brookfield.

*Paupers. Order of removal, its effect, &c.*

An order of removal of a pauper, notified to the town, to which the order is made, within thirty days, according to the statute, conclusively fixes the settlement of the pauper, unless appealed from.

It is the same as any other judgment, as to its conclusiveness, when the order is regularly made, and notice properly served upon the adversary town.

An order of removal regularly made, and properly served upon the adversary town, and unappealed from, is conclusive of the settlement of the pauper at its date, and to change the settlement by residence, that which is subsequent, in point of time to the order can only be taken into the account.

THIS was an appeal from an order of removal of one Barney Smalley, with his wife and family from said Stowe, to said Brookfield, made by two justices of Stowe, on the 11th day of March, A. D. 1853.

Plea, that the paupers were unduly removed, because their last settlement was not in said Brookfield, and trial by the court.

It appeared on trial, that the paupers sometime in 1842, then having a settlement in the town of Brookfield aforesaid, moved from said Brookfield, into the said town of Stowe and there resided for more than seven years continuously, without becoming chargeable to either of said towns, and during all that time supported and maintained themselves and did not become chargeable, until about the time the said order, in 1853, was made, otherwise than by the expense the town of Stowe may have incurred in making a certain order of removal in 1848.

It also appeared, that on the 16th day of September, A. D. 1848, an order for the removal of said paupers, from said Stowe to said Brookfield, on the ground that said paupers were likely to become chargeable, was made by two justices of Stowe; a copy of which order certified by the justices making it, it was admitted on the trial, was delivered by the town of Stowe, by one of the citizens of said Stowe to the overseer of the poor of said Brookfield. Whether such citizen had any special authority from either of said justices to deliver the same was not shown, but no question as to such authority was made on trial. It appeared, that this copy was thus delivered within the thirty days from the date of the said order; that the paupers were not removed under this order, nor was there any appeal taken from the same.

The County Court, June Term, 1853,—PECK, J., presiding,—on the facts, decided as matter of law, that the paupers were duly removed.

Exceptions by defendants.

*Peck & Colby* for defendants.

We submit that the paupers have acquired a settlement in Stowe, under the 8th article of the Act of 1817, (Comp. Stat. 128,) which provides, that if " any person having a settlement in any town in " this state and of full age, who shall hereafter reside in any other " town for the term of seven years, and during said term shall

" maintain himself and family and not become chargeable to either " of said towns, shall gain a settlement in the town in which he " may so reside."

The case shows, that the paupers had a settlement in Brookfield. That he removed to *Stowe* and there resided for more than seven years with his family *without becoming chargeable to either of said towns*. This fixes the settlement in Stowe, unless the order of removal made in 1848, is to be regarded as interrupting the residence. That order was made on the ground that the paupers were *likely* to become chargeable, and just before the seven years had expired, but was never executed. These facts show, beyond all question, that the order was made, not on the ground of any apprehension that the paupers would soon become chargeable in fact, but with the view of preventing their residence ripening into a settlement. Can it have that effect? An order unappealed from is conclusive upon the towns as to all facts found by the order, as they existed at the time the order was made.

In this case, the order finds that the paupers' settlement was in Brookfield, and that they were *likely* to become chargeable. The settlement at the time the order was made was in Brookfield; but the paupers were acquiring by residence a settlement in Stowe. The order did not affect that residence. They continued to reside in that town until the seven years had expired, supporting themselves. A removal in fact, whether under the order, or for other reasons would of course have interrupted the residence. So if the order had found that the paupers had become chargeable, that would have prevented the residence conferring a settlement.

The statute does not provide that if the paupers are poor and *likely* to become chargeable, a seven years residence shall not give a settlement. The statute, in this particular, does not distinguish between the rich and poor. No matter how rich or poor a man is, if he resides seven years in a town without becoming chargeable, and supports himself and family, he gains a settlement. How then on principle can an order of removal based on the fact that a person is likely to become chargeable affect the residence?

The act of 1817, also provides that if a person holds for two years certain offices in a town, that, shall confer a settlement. Would an order like the one in the present case made while an individual was holding such office prevent his obtaining a settle-

ment under this provision of the statute? This would hardly be claimed, and yet it is difficult to see why its effects should not be as potent in one case as in the other.  *Salem* v. *Andover*, 3 Mass. 436. *Rex* v. *Inhabitants of Filloughby*, 1 Term 709.  *Berkeley* v. *Taunton*, 19 Pick. 480.  *Standish* v. *Gray*, 6 Shepley 92.

All that is necessary to gain a legal settlement, by seven years residence, is, that the pauper should have his permanent domicil for seven consecutive years, in the second town and keep himself and family from becoming chargeable to either town.  *Tunbridge* v. *Norwich*, 17 Vt. 493.

*Geo. Wilkins* for plaintiffs.

The only question made or presented by the bill of exceptions, in this case, is as to the effect of the order of removal made in September, 1848, which was duly served, and from which no appeal was taken by the town of Brookfield.

I. It is insisted, that the effect of that order, made, served, and unappealed from as it was, not only fixed the settlement of the pauper, Smalley, in the town of Brookfield, at the time it was made beyond all further dispute and litigation, but suspended the effect of the continued residence in the town of Stowe, for the purpose of acquiring a settlement therein, for such a length of time at least, as was given to that town by law, to notify the adverse party of its proceedings.

That an order of removal, properly served and unappealed from, fixes the settlement of the pauper in the town to which the order is made just as conclusively as an express adjudication on the subject, is a proposition so well settled, that authorities are not required to support it.  *Marshfield* v. *Calais*, 16 Vt. 598.  *Braintree* v. *Westford*, 17 Vt. 141.

If the doctrine, insisted upon by the defendants, be correct, then in no case can an order of removal amount to any thing when the pauper has not become chargeable, unless an actual removal is made within seven years from the commencement of the residence.

But we insist, that when the order of removal was made, the effect of the pauper's residence for the purpose of acquiring a settlement in the town of Stowe, was superseded, at least, for the length of time within which a certified copy must be delivered to the overseer of the town of Brookfield.  And that the effect of

the residence being interrupted, no matter for how short a time, a residence of seven years after such interruption would be required to gain a residence in the town of Stowe. Had the pauper been actually removed to the town of Brookfield, though he had returned to Stowe, the next hour, it would be at once admitted, that this would be such an interruption of the residence as would prevent the paupers acquiring a settlement in Stowe. *Rex* v. *Inhabitants of Kenelworth,* 2 Ves. 598. *Rex* v. *Lund,* 18 Law Journal, cited in 7 Harrison's Digest 1154.

II. The case finds, that the pauper did actually become chargeable to the town of Stowe, before he had resided there seven years.

To prevent his acquiring a settlement in the town so as to fix it with the liability of bearing the burden of their relief, which the adjudication of the justices determined he was likely to need at some future time, the town of Stowe was under the necessity of subjecting itself to the expense and charge of procuring an order of removal to the place of his legal settlement; and by putting the town to this necessary expense, the pauper became chargeable, or the subject of expense and charge.

The opinion of the court was delivered by

REDFIELD, Ch. J. It has always been considered that an order of removal notified to the town, to which the order is made, within thirty days, according to the statute, conclusively fixed the settlement of the pauper, unless appealed from. It is the same as any other judgment, as to its conclusiveness; and in addition to the force of other judgments *inter partes,* it has the effect of a judgment *in rem,* as to the settlement of the pauper, as to other towns, in the state. And as to the parties certainly, it would not be competent to defeat its effect, by showing fraud even in its procurement. And I have not been able to find any case, where its binding effect, in regard to settling the question of the pauper's legal settlement has been made to depend, at all, upon the actual removal of the pauper. For some purposes this is made indispensible to the full effect of the adjudication, as for instance enabling the town making the order, to recover expenses, incurred in support of such pauper while unable to be removed. But for general purposes the order itself, if regularly made, and notice is

Stowe *v.* Brookfield.

properly served, upon the adversary town, and no appeal is taken, is conclusive. *Dorset* v. *Manchester*, 3 Vt. 370. *Rupert* v. *Sandgate*, 10 Vt. 278. *Fairfield* v. *St. Albans*, Brayton 176.

Where the copy of the order of removal is properly served upon the adversary town, according to the requisitions of the statute, the appeal *must* be taken to the next term of the county court, and if not so taken the adjudication has been held to have become so far conclusive, as to preclude any appeal from the actual removal. While if no such copy of the order shall have been seasonably served, upon the adversary town, an appeal may be taken, whenever it is served, or when the actual removal is made, if that is the first opportunity which they have had to appeal. *Dorset* v. *Rutland*, 16 Vt. 419. *Marshfield* v. *Calais*, *id.* 598. *Braintree* v. *Westford*, 17 Vt. 141. *Landgrove* v. *Pawlet*, 18 Vt. 325.

From all which, we conclude, the proceedings in this case must be regarded as conclusive of the settlement of the paupers at its date irrespective of the anterior facts in the case, and that to change the settlement, by residence, that must be taken into the account only, which is subsequent to the order, in point of time.

Judgment affirmed.