THE TOWN OF CHESTER *v.* THE TOWN OF WHEELOCK.

*Order of removal unappealed from; in what respects conclusive.*

If, in an order of removal of a man, a particular woman be named as his wife and is ordered to be removed with him, such order will, if not appealed from, be conclusive against the town to which they are ordered to be removed as to the existence of the relationship of husband and wife between them.

And the order will be as conclusive, in this respect, when a copy of it is duly served as provided by statute, as when the paupers are actually removed.

APPEAL from an order of removal of one James S. Willey, Obera, his wife, and five children, from the town of Chester to the town of Wheelock, which was made on the 8th of February, 1853. Plea, that the paupers were unduly removed, because their last legal settlement was not in Wheelock; trial by jury, May Term, 1855,—UNDERWOOD, J., presiding.

The town of Chester read in evidence an order of removal of the same Willey and wife, &c., dated the 16th of January, 1849, and gave evidence tending to show that a copy of said order, duly certified by the justices' making it, was served on the overseer of the poor of the town of Wheelock, on the 14th of February, 1849, and then rested the case. This order mentioned " James Willey, and his wife Obera Willey, and his four minor children."

The defendants offered to prove that said James S. Willey was duly married to one Betsey Sweet in Rhode Island, in the year 1816, before he was married to or lived with said Obera; that the said Betsey was still living, and that no divorce had ever been had between them; and that said Obera was never married to said Willey; and that the five children who were removed under the present order, were the children of the said Obera; and that said Willey never had any children by said Betsey. To this testimony the plaintiffs objected, and the same was excluded by the court, to which the defendants excepted.

The court instructed the jury that if they found from the evidence that a copy of the order of removal of 1849, duly certified by the justices making it, was delivered to the overseer of the poor of Wheelock, on the 14th of February, 1849, or within thirty days from the time it was made, the plaintiff was entitled to recover. The jury returned a verdict for the plaintiff that said Willey, Obera and five children were duly removed.

*O. P. Chandler* and *W. Collamer* for the defendant.

*L. Adams* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.   This is an order of removal of James Willey, his wife and family, from Chester to Wheelock.   Upon the trial, Chester depended upon a former order of removal, upon the said Jas. Willey, his wife Obera Willey, and four minor children, made the 19th day of January, 1849, and unappealed from.   It does not appear that any actual removal was made in the case ; but a copy of the order was served upon the town of Wheelock, within thirty days from its date.   The complaint before the justices, and the warrant to apprehend, and bring the paupers before the justices, names only James Willey ; but the order is in the terms above stated.   The same persons are included in the last order, which were in the first order, with one more child.   Upon the trial the town of Wheelock offered to prove that the said Obera was not the lawful wife of said James, he having a former wife still living.   This testimony was rejected by the county court, upon the ground that the former order was conclusive of the legality and sufficiency of the marriage. This is admitted to be the settled rule of the English law upon the subject, where the paupers are to be actually removed before an appeal is required to be taken.   By the law of this state, an appeal is required to be taken upon serving a copy of the order of removal within thirty days, which was done in the present case.   And the appeal not being taken, the order became conclusive of the settlement of James Willey himself, but it is claimed it will not have that effect as to the woman and children, unless there was an actual removal.   But it seems to us impossible to adopt this distinction.

In the English pauper orders, the wife and children are, in practice, each one named, and are perhaps required to be so named. That is required in some of the early cases in this state ; *Hartland* v. *Williamstown*, 1 Aiken 241.   But it is said, in this same case, that although this be not done, if the order be acquiesced in, it will be sufficient.   And in *Newbury* v. *Brunswick*, 2 Vt. 151, such an order was quashed as to the wife and family, and held binding only as to the pauper himself.   But in *Bristol* v. *Braintree*, it seems

to have been considered that these words, " wife and family," were of no importance where the pauper had no family.

But in *Burlington* v. *Essex*, 19 Vt. 91, it was held that such an order would not be quashed as to the " wife and children," although they were not named individually, but the court would intend that such children were infants, and under legal control. And in *Landgrove* v. *Pawlet*, 20 Vt. 309, it was held that an order upon the pauper, " his family and effects," was sufficient, although he had, at the time, a wife and minor children. This was adopting the very words of the statute form given ; and, as it always seemed to me, was putting the case upon the true ground. But it will appear, upon examination of the cases above referred to, and some others, that many of the earlier judges adhered more strictly to the English practice, notwithstanding the form given in our statute.

But we are not prepared to admit that where the wife is named, as she undoubtedly may be, and perhaps this is the more unexceptionable course, although not indispensable at present ; in such case, we cannot admit that the order duly notified, and unappealed from, is not conclusive of all which distinctly appears upon the order, as much as if there had been an actual removal. In practice this would seem to be a necessary result of requiring the party to appeal from an order upon service of a copy of the order. If that is not done, the party is concluded, and is not at liberty to appeal upon the actual removal, as he would be if no copy of the order had been served ; *Dorset* v. *Rutland*, 16 Vt. 419 ; *Marshfield* v. *Calais*, 16 Vt. 598 ; *Braintree* v. *Westford*, 17 Vt. 141 ; *Landgrove* v. *Pawlet*, 18 Vt. 325. So that if he do not appeal when the copy of the order is served, he cannot when the actual removal is made ; and thus the result would seem to follow, that if the order was not conclusive of the wife's settlement, upon the service of a copy, it would not have become so upon the actual removal, since it is settled he could not then appeal.

If the wife were not named specifically, it might present a question of more doubt. We are not called to consider that question, since the relation of husband and wife between these persons, which is asserted in the order being concluded by it, no question can arise as to the children.

Judgment affirmed.